No. 25.—JOHN W. BEAVER, plaintiff in error, vs. ISAAC MORRISON, defendant in error.

The drawer of a lot of land died.   After his death a grant for the lot was issued in his name. After the issuing of the grant, letters of administration were taken out on his estate.

*Held*, that by the letters, the legal title to the lot vested in the administrator, so that he might maintain ejectment for the lot.

Ejectment, from Fannin Superior Court.   Tried before Judge TRIPPE, at November Term, 1856.

This was an action of ejectment, brought by John Doe, ex dem., Isaac Morrison administrator of William Bates,

deceased, against Richard Roe, casual ejector, and John W. Beaver, tenant in possession, for the recovery of a lot of land situated in the county of Fannin.

On the trial, plaintiff proved that William Bates, lessor's intestate, died prior to the year 1840. That the grant from the State of Georgia to the said Bates, who was the drawer of the lot, was issued and bore date in the year 1843. The letters of administration to Morrison, and the order of the Court of Ordinary, appointing him administrator of said Bates, were dated in 1854.

The Court charged the jury that the grant in 1843, vested the title to the land in Morrison the administrator, and that he could recover on that title. To which charge defendant's counsel excepted, and now assigns the same as error.

UNDERWOOD, for plaintiff in error. .

WM. MARTIN, represented by B. Y. MARTIN, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

Was the charge right? we think that it was.

In 1813, the Legislature passed an Act, containing a section in these words: " That all grants which have or may be issued by the Governor of this State, to persons who have been or may be dead before the issuing or signing of the same, shall be deemed, held and considered, as valid and legal in law, as if the said grantee or grantees had been alive at the time of the issuing and signing of said grant or grants, and as such submitted to the jury; any law, usage, or custom to the contrary notwithstanding."

These words apply not more to grants that had been issued before the passage of the Act, than to the grants that might be issued after the passage of the Act.

They therefore, made the grant, in the present case, as val-

id and legal, as it would have been, if the grantee had still been alive at the time when it was issued.

And the grant being valid, it must have had the effect to convey the land to which it referred, to the heirs of the grantee; for, as there was no administrator or executor of the estate of the grantee, there were no persons besides the heirs, to whom the land could be conveyed. The effect of the grant, then, was to vest those heirs with the title to the land, and thus to place the land along side of that property to which the grantee had a complete title at the time of his death, and to make the land assume the precise state of that property.

Now, the effect of the grant of letters of administration on the estate of the grantee, was to vest the legal title to *that property* in the administrator. This must be indisputable. But if the effect was to vest the legal title to that property in such administrator, it must also have been to vest the legal title to the land in him, for the land stood in the precise condition of that property.

We think therefore, that the charge was right.

I remark, in answer to an observation of the counsel for the plaintiff, that in every case, in which lapse of time *ought to be* a bar to a suit by an administrator, it will be held to be a bar by a Court of Equity. See *Jonekin vs. Holland*, 7 *Geo. Rep., Drummond vs. Hardaway*, 21 *Geo. Rep.*, 433.

Judgment affirmed.