JONES, PLAINTIF IN ERROR, v. HENSHALL ET AL., DE-
FENDANTS IN ERROR.

1. EVIDENCE—BOOKS OF ACCOUNT.
Before books of account are admissible in evidence, a proper foundation must be laid for that purpose, and the books must be books of original entry and competent proof of the matters which they tend to establish.

2. WITNESS—COMPETENCY OF.
The competency of a witness is not affected by the character of the testimony he may give.

3. SAME.
In general, a party is absolutely incompetent to give evidence when he brings an action against an administrator or defends a suit brought by one.

4. PRESUMPTION OF PAYMENT.
A presumption of payment of commercial paper never arises from lapse of time unless it be equivalent to the period prescribed by the statute of limitations.

*Error to the District Court of Arapahoe County.*

Messrs. TELLER & ORAHOOD, for plaintiff in error.

Messrs. BROWNE, PUTNAM & PRESTON, for defendants in error.

BISSELL, P. J., delivered the opinion of the court.

The administrator of the estate of Aaron M. Jones brought

this action against the defendants in error, James Henshall and his wife, to recover the sum of three thousand dollars alleged to be due on a promissory note executed by them on the second of June, 1884, and found among the assets of the decedent.   The note was payable one year after date, and had been due some five years at the time of Jones's death.   There was no controversy about the note, but the defendants set up by their answer a payment during Jones's lifetime.   Their first plea was a general one of payment; the second was likewise in legal effect an averment of satisfaction, and set up substantially that James Henshall and Jones were the joint owners of the stock of the Henshall Queensware Company. The assets of the company were subsequently sold to other parties for a fixed sum, which was received by Jones and applied to his own uses.   It was averred that the receipt of this money by Jones and the appropriation of it amounted to a satisfaction of this three thousand dollar note, since it was in fact and legal effect an appropriation by Jones of the money which would have been coming to Henshall out of the sale of the stock of the Queensware Company.

The suit thus turned on the proof of this averred payment of the note through the transaction of the sale of the assets of the company.   To support the plea the defendants offered in evidence certain pages of the ledger, which made a part of the set of books of the Queensware Company, which contained entries tending to show Jones's receipt of the consideration which the purchasers paid for the stock of the company. They also offered divers deeds of certain property which had passed between Henshall and Jones in his lifetime, at about the time of the original purchase of the queensware stock. During the progress of the trial, James Henshall offered himself as a witness and undertook to testify concerning the matters in dispute.   He was allowed to give evidence touching certain matters which were relevant to the issues, and undoubtedly competent if he had the right to give evidence concerning them.   As to the exact transaction out of which the note grew, he was not permitted to give testimony.

This statement is sufficiently broad to disclose the errors relied upon and the basis of this opinion. It was always true under the general rules of evidence that wherever any matter in issue was supportable by what appeared on the books of a party, those books, if they were books of original entry, could be put in evidence after a sufficient foundation had been laid for the purpose. This rule is not varied by our statute, which is in terms and in form substantially coincident with the common law rule of evidence on the subject. But under this, as at the common law, a proper foundation must be laid for the purpose, and the books themselves must be competent proof of the matters which they tend to establish. *Farrington v. Tucker et al.*, 6 Colo. 557.

Without attempting to decide whether under any circumstances the books of this company would be evidence against the estate in support of the plea of payment, it is manifest that they were inadmissible at the time that they were produced, and under the circumstances existing when they were offered. They were not books of original entry, and no foundation whatever was laid for their introduction, and it is exceedingly difficult at the best to say that they tended to support the defendant's plea. According to his own testimony, he was the owner of but one share of the stock of the company, and there was no other holder of any of the corporate evidence of title except as to one share. This would leave the entire holding to stand properly and legitimately in the name of Jones, who would necessarily have the right in case of sale to appropriate the results to his own uses. How the fact that Jones did receive these proceeds of sale tends to show that the note of three thousand dollars was paid, when there is no absolute equivalence between the value of one share and the proportionate purchase price, it is difficult to imagine. But whatever may be the proper inference on this subject, the books themselves were not proper evidence concerning that matter under the circumstances surrounding the offer.

When the defendant, Henshall, was offered as a witness

in his own behalf, the plaintiff and administrator very promptly and properly objected to his giving testimony because he was not a competent witness under the statute. The objection was overruled, and Henshall proceeded to give evidence. The testimony which he gave related to matters relevant under the issue, and tended in some measure to support his plea of payment. During the progress of his examination, he was asked about the transaction out of which the note grew,—the sale of the queensware property and the transfer by him and his wife of certain real estate to Jones antedating their original purchase of this stock of goods. As to these latter matters the court would not permit him to testify, evidently proceeding upon the hypothesis that he was competent as a witness as to all matters which did not relate to the transaction occurring directly between the decedent and the witness. As we understand the statute, the competency of a witness is not at all affected by the character of the testimony which he may give, and it is not at all dependent upon considerations of this nature. Our statute on the subject of witnesses makes all men competent to testify subject to certain limitations, and their competency is not affected by the circumstance that they happen to be parties to the suit. This broad innovation upon the common law rule is now almost universal in this country. But in this state as in most others parties are not permitted to testify, save under very exceptional conditions and circumstances, where a representative of a decedent either brings the action or defends the suit. General Statutes, § 3641.

It is needless to quote the section or state the exceptional circumstances under which a party may give evidence. In general it may be said that a party is absolutely incompetent to give evidence on any subject when he brings an action against an administrator or defends a suit brought by one. The character of his testimony and the subject-matter about which he testifies are totally unimportant. If the evidence which he gives is relevant to any issue made in the case, it is error to permit him to give it at his own instance, and if the

objection be properly interposed in apt time, it must be sustained. These errors necessitate the reversal of this judgment. The cause was tried to the court without a jury. Counsel therefore contend that, as there was sufficient competent evidence to support the judgment, this court is bound to disregard these errors on the ground that they do not affect the substantial rights of the parties. Code of 1887, § 7.8. Without determining whether these errors would be covered by that code provision, the contention is abundantly answered by the statement of the conclusion at which we have arrived, that there is nothing in the record which will support the judgment in the absence of this testimony. We have read the abstract carefully and have also read the evidence in the record, and we are very frank to say that we are unable to find in it such evidence of payment as justifies the judgment. It is undoubtedly a very singular circumstance that all these transactions should have happened, and this obligation thereby been liquidated and still remain in the possession of the intestate. It is of course readily responded that the obligation had remained unpaid for five years prior to Jones's death without any known attempt on his part to enforce it. This circumstance, however, can hardly be taken as sufficiently responsive to the suggestion. A presumption of payment never arises in a case of commercial paper because of the lapse of time, unless that be equivalent to what is prescribed by the statute of limitations.

Because of the errors committed by the court in respect of the matters referred to, this judgment must be reversed and remanded for a new trial.

*Reversed.*