[No. 8767.]

GALLIGAN v. THOMAS S. HAYDEN REALTY CO.

1. ADMINISTRATOR—*Duty and Power as to Lands.* Under Rev. Stat., sec. 7140, the administrator is not only empowered, but it is his duty, to assume possession of real property pertaining to the estate of the decedent, and if withheld, to sue for and recover it.

And under sec. 274 of the Code, he may, when in possession main-tain a bill to quiet the title.

2. EVIDENCE—*Documents—When in Evidence.* Documents offered in evidence, marked as exhibits, considered by the court below, with-

out objection, and set out in the bill of exceptions, were held in evidence though there was no express allegation of their admission.

3. LIMITATIONS—*Payment of Taxes By One for Another*, avails the one on whose behalf the payment is made.

*Error to Pueblo District Court.* Hon. C. S. ESSEX, Judge.

Mr. M. J. GALLIGAN, for plaintiff in error.

Messrs. HARTMAN & BALLREICH, for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court.

This action was instituted by Ella M. Haynes as the administratrix of the estate of George Haynes, deceased, against Estafana Hicklin, David Prosser and M. J. Galligan to qiuet title to one hundred sixty acres of land and water rights, situate in Pueblo county.

The complaint sets forth the death of Haynes; that plaintiff was appointed the administratrix of his estate; that at the time of his death he was the owner in fee and in possession of said land and water; that plaintiff, as said administratrix, is the owner of, and claims title to said land and water; that defendant claims an estate or interest therein adverse to said plaintiff, and adverse to the said George Haynes, deceased, etc. The defendant Galligan filed a demurrer alleging, that the plaintiff had no capacity to sue; that there is a defect of parties plaintiff, and that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was overruled. He thereafter answered denying plaintiff's title, claiming ownership, and alleging that if plaintiff was in possession, it was as a tenant of his, and not otherwise. Thereafter, The Thomas S. Hayden Realty Company filed its petition, alleging that since the institution of this action it had purchased from Mrs. Haynes as the administratrix of said estate, all of her interest as adminis-

tratrix, and the interest of said estate in the property, and that said Haynes as administratrix or otherwise, had no further interest in the litigation and prayed that it be substituted as plaintiff. The petition for substitution was granted. Upon trial to the court, the substituted plaintiff was adjudged to be the owner of the property, in possession, and entitled to a decree quieting its title against any claim of defendant, etc.

It is urged that the administratrix could not, as such, maintain the action, hence the demurrer to her complaint should have been sustained, and that the substituted plaintiff could not thereafter be placed in any better position than she was, hence its case must fall. *Keeler v. Trueman,* 15 Colo. 143, 25 Pac. 311, and *McKee v. Howe,* 17 Colo. 538, 31 Pac. 115, are relied upon as sustaining the first of these contentions. *McKee v. Howe* was an action to remove a cloud from title to real estate. In the absence of allegations that the estate was insolvent, or that it was necessary to sell real estate to pay debts, or that there were any debts, it was held that the complaint did not state facts sufficient to constitute a cause of action in favor of an administrator in his representative capacity. In this respect there can be no difference between an action to remove a cloud and an action to quiet title. This opinion adheres to the law which makes real estate descend to the heirs, subject to the payment of debts, and also held that section 7 of the act of 1885, to be found at page 395 of that year's Session Laws, did not authorize an administrator to institute or carry on any suit or proceeding respecting real estate belonging to the decedent, other than such as might be necessary to effectuate the purposes of such statutes, which limited it to the recovery of rents, issues and profits, etc.; but the court said "The language of that section is quite crude and imperfect. It does not empower the administrator

to take possession of, or institute suits generally in respect to, all the real estate of the decedent.'' This is evidently one of the reasons why this section was changed in 1903, section 7140, Revised Statutes 1908. It now says, unless otherwise provided by will, that administrators, etc., shall, by virtue of their office, have power, and it shall be their duty, to receive, take possession of, sue for, recover and preserve the estate; both real and personal, of their testators, intestates or wards, and the rents issues and profits arising from the real estate, and all of such personal property, and the moneys arising therefrom, or from the rents, issues and profits of the real estate, or from the sale, leasing or mortgaging of the real estate, during the term of their office, shall be assets in the hands of the administrator, etc., for the payment of debts, legacies, widow's, wife's, minor's or orphan's allowance, and expenses of administration, etc., and shall be administered under the direction of the County Court, in the same manner as moneys arising from the sale of personal property; that the administrator shall list the property, real and personal, of the decedent, for taxation, and pay the taxes thereon, from any funds of the estate in his hands properly applicable to that purpose. It will thus be observed that since 1903 an administrator not only has the power, but it is his duty to receive, take possession of, sue for, recover and preserve the estate, both real and personal. No such powers were conferred under the 1885 act construed in *McKee v. Howe, supra;* also, the 1903 act confers the power of sale of real estate for purposes other than provided in the 1885 act. The quieting of title to real estate is an act to preserve the estate for the heirs. Section 274, Revised Code of 1908, provides that an action may be brought by any person in possession, by himself or his tenant, of real property, against any person who claims an estate therein adverse

to him, for the purposes of determining such adverse claim, etc. In this case the administratrix alleges possession, and that the defendant claimed an adverse estate, etc. When these allegations are considered in connection with the 1903 act, we are of opinion that the administratrix was possessed with authority to bring the action, and that the demurrer was properly overruled. This seems to be the prevailing rule under statutes similar to our present one. *Curtis v. Sutter,* 15 Cal. 259; *Laverty v. Sexton,* 41 Iowa 435; *Meeks v. Hahn,* 20 Cal. 621; *Doyle v. Wade,* 23 Fla. 90, 1 South. 516, 11 Am. St. Rep. 334; *Beaver v. Morrison,* 22 Ga. 107, 68 Am. Dec. 486; *Carson v. Dundas,* 39 Neb. 503, 58 N. W. 141; *Knowles v. Murphy,* 107 Cal. 107, 40 Pac. 111; *Pennie v. Hildreth,* 81 Cal. 127, 22 Pac. 398.

It is claimed that certain exhibits offered by plaintiff were erroneously considered, for the reason that they had not been received in evidence. Their alleged submissions were in each instance preceded by counsel's statement about as follows: "Plaintiff offers in evidence the record of said deed appearing on page 500 of said Book 118, the same being a warranty deed, etc., * * * same marked Exhibit C." Thereafter, certified copies appear to have been furnished, marked as exhibits, and are set out in the bill of exceptions. The trial was to the court, which considered the exhibits, as the question does not appear to have been brought to its attention. Defendant was given full opportunity to cross-examine in connection with them. Under such circumstances, we think they were sufficiently introduced to be given weight as evidence to establish the facts which they were introduced for.

Each party seeks to deraign title from a common source. Assignments of error are made to the admission of testimony introduced by plaintiff concerning its

chain of title; likewise, to the rejection of testimony pertaining to the defendant's title from the common source. We think it unnecessary to go into these matters. Possession was shown to have been in the plaintiff and its predecessors in interest, from December, 1893, to the date of trial, November the 25th, 1913, under color of title, and that the taxes had been paid by the parties thus in possession from which the plaintiff deraigns its title, for over seven years prior to the commencement of the action, save and except the first half of the year 1911, which taxes it appears were paid by the defendant, Galligan, on the 15th day of February, 1912. The receipt produced by him showing this payment and signed by the County Treasurer reads ''Received of Mrs. E. M. Haynes by M. J. Galligan, the sum of $10.40 for the taxes hereafter mentioned, etc.'' Under such showing, the defendant cannot claim that the payment by him was such as would stop the running of the seven-year statute of limitations, for the reason the receipt discloses, that he did not pay this tax on the property as his or upon his behalf, but as the property of and for Mrs. Haynes. Title under the seven-year statute of limitation was made an issue, and sustained by the evidence. This alone destroys the claim of the defendant, irrespective of the complete chain of title, which the court also found was in the plaintiff.

Perceiving no prejudicial error, the judgment is affirmed.

*Affirmed.*

Mr. JUSTICE GARRIGUES and Mr. JUSTICE TELLER concur.

Decided February 5, A. D. 1917. Rehearing denied March 5, A. D. 1917.