No. 10,696.

FOWLER, ADMINISTRATOR, ET AL. *v.* BADGER IRRIGATION DISTRICT, ET AL.

Decided October 1, 1923.

On motion to dismiss writ of error.

*Motion Denied.*

1. APPEAL AND ERROR—*Substitution of Parties.* Motion for substitution of parties granted as a matter of course, although made without notice.

2. ADMINISTRATORS AND EXECUTORS—*Powers and Duties.* An administrator may maintain an action for the cancellation of irrigation district bonds, regardless of whether he has an interest in the real estate involved or not, it being his duty to receive, take possession of, sue for, recover and preserve the estate.

3. APPEAL AND ERROR—*Actions—Survival.* An action affecting interests in real estate survives, if anything does.

4.     *Dismissal of Writ of Error.* Even though some of the plaintiffs in error may have no right to appear, if one of them is properly in court, the writ of error will not be dismissed.

*Error to the District Court of Morgan County, Hon. L. C. Stephenson, Judge.*

Messrs. MELVILLE & MELVILLE, Messrs. COEN, MALLORY & PAYNTER, for plaintiffs in error.

Mr. S. R. STEPHENSON, Mr. GEORGE W. TWOMBLY, Messrs. HODGES, WILSON & ROGERS, Mr. HENRY C. VIDAL, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

JEAN S. GREGG brought suit against defendants in error, for herself and others similarly situated, to cancel irrigation district bonds and to abate taxes levied for their payment. A demurrer to her complaint was sustained, and her cause dismissed June, 1922. December, 1922, she died, and Ernest B. Fowler was afterwards appointed administrator. May 14, 1923, the administrator applied in the court below for a substitution, and S. W. Thompson and Ralph W. Tenhaeff, two of the persons "similarly situated," on whose behalf the suit was brought, joined with him in the application, which was denied. June 8, 1923, the administrator and his said associates filed a record in this court and obtained, without notice, a substitution. The defendants in error move to dismiss.

Their first ground is that the application was without notice and is not a matter of course. No authorities are cited on either side.

We are inclined to the opinion that the substitution is a matter of course. We think it has been usually so regarded in the district courts. It has frequently been granted in this court without notice, although usually, we think, when both parties were represented; but, when the applicant is entitled to be substituted, there can be no objection to regarding it as a motion of course, and, when he is not, a motion, as now, to dismiss the writ of error or rescind the order of substitution is sufficient to protect all rights.

The second objection is that the administrator has no interest. Whether, strictly speaking, he has an interest in the real estate, we think he has power to maintain the suit. Under C. L. § 5262, it is his duty "to receive, take possession of, sue for, recover and preserve the estate, both real and personal," of his testator. See *Galligan v. Thomas S. Hayden Co.*, 62 Colo. 477, 163 Pac. 295.

It is claimed that the action does not survive; but an action affecting interests in real estate survives if anything does.

The third objection is that Thompson and Tenhaeff have no right to be substituted. But whatever rights they lack it will not justify dismissal of the writ, since the administrator is properly here. We therefore deny the motion to dismiss, and if there is thought to be any importance in the question of the rights of Thompson and Tenhaeff to be here, we.will permit that to be argued in the main briefs.

Motion denied.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.