## No. 13,736.

FINCH *v.* McCRIMMON, ADMINISTRATOR.
(52 P. [2d] 1150)

Decided November 4, 1935. Rehearing denied December 30, 1935. Second petition for rehearing denied January 20, 1936.

Mr. JOHN L. STIVERS, for plaintiff in error.

Mr. EDWARD M. SHERMAN, for defendant in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

A SUIT by the administrator of an estate to recover

from one allegedly wrongfully withholding certain real estate, moneys and credits, said to have belonged to plaintiff's decedent at the time of his decease. To judgment in favor of the administrator, error is assigned.

It appears that January 1, 1933, one Edwin Gustavus Clark, nearly 93, departed this life, intestate; that he left surviving, two sons, Charles B., of Los Angeles, California, and Silas M., of Beaver Falls, Pennsylvania, and two daughters, Effie Mabel Gates, of Nemacolin, Pennsylvania, and Edith B. Finch (defendant in suit and plaintiff in error), of Montrose, Colorado, at whose home the father lived from 1926 until his death; that in 1926 the father possessed modest properties, consisting for the most part of liberty bonds and bank deposits, in the sum of several thousand dollars, and what is called the "old home" in Reynoldsville, Pennsylvania, then of an estimated value of $3,000; that in 1926, the father conveyed the Reynoldsville home to Mrs. Finch, and at various times, mostly while he was physically incapacitated, from April 26, 1930, to January 1, 1933, Mrs. Finch became possessed of the items, which, with the real estate referred to, the trial court awarded to plaintiff, as administrator. The suit proceeded under Compiled Laws 1921, section 5262. Some interpretive decisions are, *Grover v. Clover,* 69 Colo. 72, 169 Pac. 578; *Galligan v. Hayden Co.,* 62 Colo. 477, 163 Pac. 295.

The points urged for reversal are sufficiently comprehended in the following: (1) That the evidence did not warrant any judgment against plaintiff in error; (2) that the court did not have jurisdiction to determine what, if anything, plaintiff in error should have for the care of her father from the time of his injury to his passing, the contention being that only the probate court should make primary determination; (3) that if the court had jurisdiction, then the allowance was inadequate.

1. We think that as to the personalty the court's conclusions find predicate in supporting testimony. Mrs. Finch obtained the items charged to her by the court

when her father was very old and suffering from a fall that added to the physical incapacity incident to extreme age. There was evidence, too, that during the same period the father's mentality was in a state of serious impairment. The circumstances considered, we think the court rightly required Mrs. Finch to show her own good faith and general fairness. The court's resolution that she did not sustain such burden has our approbation. *Norris v. Bradshaw,* 92 Colo. 34, 18 P. (2d) 467; *Roberts v. Dietz,* 88 Colo. 594, 298 Pac. 1062.

As to the real estate, however, the record does not justify the judgment. The deed to Mrs. Finch was executed in 1926, when the father was physically strong and possessed of his normal mental faculties. Mr. Clark acknowledged the conveyance before an old-time Pennsylvania acquaintance. In the course of the service the notary talked to Mr. Clark for several minutes (all out of the presence of Mrs. Finch), and testified that the grantor's "mental condition was good and he knew exactly what he was doing and what he wanted to do." Since at the time he made the conveyance the father was capable of determining his course in relation to his property, we are of opinion that at the instance of the complaining interests here there may not be judicial frustration of his desire and expressed purpose. *In re Estate of Carey,* 56 Colo. 77, 136 Pac. 1175.

2. The court properly ruled that the cause before it was of such nature that it should determine all elements of the controversy, including the question of whether Mrs. Finch was entitled to compensation for the care of her father from April 26, 1930, to January 1, 1933, and, if so, the amount thereof. Based on a finding that she was entitled to be paid for the service, the court adjudged that in a certain sum she should have credit as against the sum of the adverse award on the main issue. Since the suit sounded in equity and the court had jurisdiction of the parties, we think its power to administer complete relief is not open to challenge. Plaintiff

at suit, suffering the adverse judgment of the allowance, has not questioned the court's jurisdiction. It would have been idle, as we conceive, to have referred this one feature to the court of probate. See, *Merrill v. Comstock,* 154 Wis. 434, 143 N. W. 313. The possible disservice to plaintiff in error, the element of time considered, should this assignment be sustained, is emphasized by the Wisconsin court.

3. Considering that the record shows the father was practically helpless after April 26, 1930, and for much of the time was incapable of exercising control of his eliminations, as the result of which it was necessary to change his bed linens several times a day, with attendant disagreeable service, we are persuaded that the court's allowance of $60 per month to Mrs. Finch was not based on an adequate appraisal of the evidence. It seems unquestioned that Mrs. Finch gave her father every attention and care throughout that trying period, and that she was entitled to compensation is of the court's findings. We think there should be a retrial of the case as to the sum to be awarded Mrs. Finch for service and care of her father, including any proper expenditures in the premises, judgment to be given as the evidence then adduced may warrant.

Let it be ordered: (1) That the judgment is reversed as to the real estate involved, the decree to go in favor of plaintiff in error; (2) that the judgment is reversed as to the sum to be awarded plaintiff in error for the period outlined in our opinion, the cause to be remanded for new trial of that issue; (3) that in all other particulars the judgment is affirmed.

*On Petitions for Rehearing.*

MR. JUSTICE HILLIARD.

Both parties have filed petitions for rehearing, emphasizing matters said to have been misapprehended or overlooked.

As to plaintiff in error's points, we are disposed to make modification in the following particulars: (1) On the theory of our award of the Pennsylvania real estate to plaintiff in error, she is also entitled to the Baltimore and Ohio Railroad stock, mentioned in the record. The transfer of the certificate took place some two years before the major injury to Mr. Clark, and while he was physically strong and mentally capable of doing as he would with his property; (2) it was inequitable, we think, for the court to adjudge plaintiff in error liable for legal interest (8%) on items which did not actually draw interest. She should be required to account for interest on investments at the rate they were drawing at the time she took them over, and on items cashed and reinvested by her at whatever rate they drew pursuant to the reinvestment, but to charge her with the legal rate on sums not reinvested, investment difficulties being what they were throughout the involved period, does not conform to our conception of the very right of the matter. In all other particulars we regard plaintiff in error's petition as without merit.

We think defendant in error's petition is without substantial merit; but we are indebted to counsel for calling our attention to a misrecital in our opinion, which we have been pleased to correct.