## No. 14,121.

### ESTATE OF FINCH.

### FINCH, ADMINISTRATOR *v.* McCRIMMON, ADMINISTRATOR.

(67 P. [2d] 623)

Decided April 12, 1937.

Mr. JOHN L. STIVERS, for plaintiff in error.

Mr. EDWARD M. SHERMAN, for defendant in error.

*In Department.*

Mr. Justice Hilliard delivered the opinion of the court.

Originally this was a suit by McCrimmon, administrator of the estate of Clark, defendant in error here, to recover from Edith B. Finch, daughter of Clark, for allegedly wrongfully withholding certain property belonging to the estate. The judgment went against Mrs. Finch, but she was allowed compensation for the care of her father during the protracted illness preceding his death. In this court the judgment was affirmed in part and reversed in part. Subsequently, and after the second trial below, Edith B. Finch died, and the administrator of her estate, L. J. Finch, was substituted in the litigation in her place and stead, and he is the present plaintiff in error.

As the result of partial affirmance and directed orders on the former review (*Finch v. McCrimmon*, 98 Colo. 56, 52 P. (2d) 1150), there remained to be tried only the issue as to the sum to be awarded Mrs. Finch against her father's estate, for service and care, including expenditures in that behalf, during his last illness. On the record of the trial of that issue the case is here again.

On trial to a jury a verdict was returned for Mrs. Finch in the sum of $9,698. In a motion for new trial, the representative of the estate urged that the verdict was excessive. The court, while adverting thereto and remarking that the verdict was "greatly excessive," did not pass on the motion. Instead, predicating determination on the theory that the proceeding was in equity, it ignored both verdict and motion for new trial, and, sitting as in chancery, fixed the amount of recovery at its own appraisement—$4,217.71, and adjudged in that sum. In the procedure adopted, counsel for Mrs. Finch—now appearing for her estate—contends the court erred, and we are of that view.

■ Originally, the major issues in the controversy sounded in equity, and the suit was tried to the court. At the first trial, rightly apprehending the scope of the judi-

cial inquiry presented, the court made an allowance to Mrs. Finch on account of services rendered her father. That procedure and resulting judgment were challenged, first, because, as said, the court had no jurisdiction to try the claim, and, second, because the allowance was inadequate. We sustained the court's jurisdiction to determine the incidental question of what, if any sum, Mrs. Finch should receive for care of her father in his protracted indisposition, but reversed the judgment on the item as to the sum allowed, holding the court had not properly weighed the evidence, and directed a retrial solely on that issue. *Finch v. McCrimmon, supra.* When the matter was again presented, disposition having been made of all equitable questions, only the issue of the amount of Mrs. Finch's claim against her father's estate remained to be tried. That issue was properly submitted to a jury, and its verdict, subject to challenge on motion for new trial, was decisive. *Charles v. Eshleman,* 5 Colo. 107; C. L. 1921, §5337 ('35 C. S. A., c. 176, §201). Thereafter the court's further immediate duty, the record considered, was to determine points presented by the motion for new trial, and order in accordance with its conclusions; a new trial in one event; otherwise, judgment on the verdict.

On cross-assignment, it is insisted that Mrs. Finch was not a competent witness in her own behalf. The statute (C. L. 1921, §6556 ['35 C. S. A., c. 177, §2]) considered, we think the court rightly resolved otherwise. At the first trial, pursuant to C. L. 1921, section 6570 ('35 C. S. A., c. 177, §16), Mrs. Finch was called and cross-examined by her adversary at suit. "This removed the bar and made plaintiff a competent witness 'for all purposes.'" *Zackheim v. Zackheim,* 75 Colo. 161, 225 Pac. 268. The competency established at one trial obtains at subsequent trials of the same cause. *Deacon v. Bryans,* 212 Cal. 87, 298 Pac. 30; 12 Enc. of Ev., p. 1014.

Let the judgment be reversed, and the cause remanded

with directions to the trial court to determine the disposition of the motion for new trial and proceed in order.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE BAKKE concur.