No. 15,516.

FADEN *v.* ESTATE OF MIDCAP.
(152 P. [2d] 682)

Decided September 25, 1944. Rehearing denied October 30, 1944.

574

Mr. HARRY BEHM, for plaintiff in error.

Mr. WILLIAM HEDGES ROBINSON, JR., for defendant in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

A CLAIM against an estate for the unpaid portion of decedent's proportionate part of an obligation having genesis in a promissory note. The claim was disallowed in the county court, on the ground that it was barred by the statute of limitations, and dismissed in the district court, where it was taken by appeal, on the ground that it did not have sufficient evidentiary support.

The controlling point below, and on specification here, has to do with the competency of claimant to testify in support of his claim. In connection therewith, it was stipulated that at the trial in the county court, claimant, proceeding without objection, not only testified at length in chief on the merits of the claim, but in relation thereto had been subjected to searching cross-examination by counsel representing the estate. When claimant was sworn to testify at the trial in the district court, however, his lack of competency was emphasized and an adequate objection was interposed. After counsel for claimant had argued to the effect that what had occurred in the county court concluded the estate, that is to say, failure to object to claimant's competency as a witness at the trial there, worked his immediate and continuing competency to testify in the matter, the statute ('35 C.S.A., c. 177 §2) notwithstanding, and counsel for the estate had been heard contra, the court,

noting the point, concluded to admit claimant's testimony subject to the objection, and reserved its ruling. At the conclusion of all evidence, the court held that claimant was not competent to testify, and that without his testimony, which was stricken or disregarded, the claim had not been "proven."

It appears from the testimony of claimant, and that of witnesses Marty and Heebner of the directorate of the company, and from book entries and other exhibits received in evidence, that in 1929, claimant (plaintiff in error), James T. Midcap, deceased (whose estate is defendant in error), William Heebner, J. A. Bengston, Albert Marty and H. V. Deakin, organized, and were the directors of, a corporation known as the Farmers Oil Company, of Henderson, which engaged in the business of supplying gas and oil to farmers of that community. In financing its enterprise, the company borrowed money from plaintiff in error, in evidence whereof it gave two notes, one dated November 18, 1929, in the sum of three thousand five hundred dollars, due sixty days thereafter, and which bore interest at seven per cent per annum, payable monthly, and one dated September 4, 1930, for three thousand dollars, due in twelve months, with interest at seven per cent per annum, payable quarterly. The first note was endorsed by all the directors, in the following order: Heebner, Deakin, Marty, Midcap, Bengston, Faden; and the second one by all except Faden, in order as follows: Heebner, Midcap, Marty, Bengston, Deakin. In 1934, the company's inability to realize on credits it had extended to its customers became so pronounced, that, other than efforts made to collect from its debtors and pay its creditors, it suspended business. Excepting only as to plaintiff in error, holder of the two notes, and which were endorsed by the directors of the company, as already stated, the company effected composition with its creditors. As to the notes, and between 1934 and 1937, the directors of the company, excluding Deakin, who, as was agreed,

could not contribute thereto, and including plaintiff in error, made voluntary payments toward the discharge of the interest thereon. In March, 1937, although, seemingly, by statute ('35 C.S.A., c. 112, §68) the endorsers were liable only in the order in which they had endorsed the notes, the five who had theretofore borne the burden of the interest thereon, mutually agreed that their responsibility as endorsers should be in fifths, that is to say, each would pay one-fifth of the balance due on the two notes, or $1241.69, such balance having been ascertained and agreed to be $6,208.44. All save Midcap, proceeding at divers times and in varying sums, paid in accordance with the agreement, and he paid in part. His last payment was made September 28, 1937, and was in the sum of $403.28. Considered in the light of all the testimony, claimant's included, the claim involved, filed against the estate October 17, 1941, clearly was established; also, the last two dates borne in mind, the statute of limitations, invoked by defendant in error, was not pertinent. In short, assuming claimant's competency to testify, preliminarily permitted, the claim should have been allowed in the district court.

 The record considered, claimant, proceeding "at his own instance," was not competent to give evidence in support of his claim in the trial in the county court, and had objection been "properly interposed in apt time," his testimony must needs have been rejected. *Jones v. Henshall,* 3 Colo. App. 448, 34 Pac. 254. The importance of an objection, aptly and sufficiently stated, is emphasized in many of our decisions, as witness, *Cree v. Becker, Adm'r,* 49 Colo. 268, 112 Pac. 783; *Brown, Adm'rx v. First National Bank,* 49 Colo. 393, 113 Pac. 483; *Temple, Adm'r v. Magruder,* 36 Colo. 390, 85 Pac. 832. "It is incumbent upon the party seeking to take advantage of the incompetency of a witness to interpose an objection on that ground, in the absence of which the objection is deemed waived and the witness is properly allowed to testify." 70 C.J., p. 370, §486. Failure of the

party entitled to the protection of the statute "to object to the testimony of the witness," results in waiver. Ibid., p. 372, §490. "An administrator and his counsel, for example, may not be permitted to sit by without objecting to the admission of evidence competent in itself, and to expect that the trial judge will rule it out on his own motion. Failure of persons represented in the cause and having the power to object and knowledge of facts which render an objection tenable to make such objection in adequate form and at the first opportunity can only be construed as a waiver by such persons of the protection of the statute and as consent to all testimony, of the particular witness at least, which is not inadmissible upon other grounds. Objection to the competency of a witness must be made, if known, before his examination in chief as to the matter on which he is alleged to be incompetent. When the question is put the objection should be made. While the statutes generally provide that no party or interested person shall be allowed to testify in the cases we are discussing [actions involving claims against estates], most of them have been construed to mean, not that the witness shall not be sworn, for he might prove other and competent matter, but that it is proper to allow him to be sworn, and timely objection should be made when the question indicates that he is incompetent under the statute to answer it. Generally speaking, all objection to the competency of a witness as to a transaction with a deceased or incompetent person is deemed to be waived, if it is not made at the time that the evidence is offered and at the first reasonable opportunity." 5 Jones Com. on Ev., p. 4419, §2276.

"That parties may be witnesses is now the settled policy of the state [In Colorado, '35 C.S.A., c. 177, §1). The exception engrafted upon the general competency of all parties [In Colorado, '35 C.S.A., c. 177, §2], that where one is dead and is represented in the suit, then the living party shall not be permited to testify, is only

a regulation to secure mutuality in the action itself. The admission of such testimony affects no one but the parties, and none but the parties are interested in the exercise of the power given to exclude this testimony.

■ "It stands upon the same footing of any other testimony which might have been the subject of objection, and which the parties have admitted without objection. Now, the rule is well settled that a party or his counsel cannot sit by and accept the chance of a witness making evidence in his favor, and then, after ascertaining its force, raise, for the first time, an objection to its competency." *Rowland v. Rowland,* 40 N.J. Eq. 281.

■ The statute of defendant in error's reliance provides in terms that a claimant in the situation here, if called by the representative of the estate for that purpose, is competent to testify of and concerning his claim, and, by judicial decision, as we are persuaded, competency also attends where, proceeding without objection, claimant voluntarily testifies in that behalf. The latter consideration is emphasized when the representative of the estate, as here, has conducted an exhaustive cross-examination of claimant on the merits of his claim. *Billingsly, Admr'x v. Gulick,* 256 Mich. 606, 240 N.W. 46, 79 A.L.R. 166; 28 R.C.L., p. 516, §103.

■ But, argues counsel for the estate, assuming that the rule outlined above controls at the trial where the competency of claimant was not challenged, in this instance in the county court, and, perhaps, at any subsequent trial of the claim in the same court, still, at the trial in the district court on appeal, as here, the matter was as of virgin presentation, and the statute ('35 C.S.A., chapter 177, section 2), timely and aptly invoked, negatives claimant's competency to testify. We are not of that view. The circumstances out of which waiver resulted pertained to the cause, not to the court in which they were developed. By virtue of the "waiver," claimant's competency to testify in the cause became established, and his status fixed. Thereafter it was of the

cause, alive and abiding, for however long, and in whatever forum, the merits of which remained in controversy. "The competency established at one trial obtains at subsequent trials of the same cause." *Finch, Adm'r v. McCrimmon, Adm'r,* 100 Colo. 315, 67 P. (2d) 623. In a note to *Billingsly, Admr'x v. Gulick, supra,* as reported in 79 A.L.R., the authorities are enlighteningly reviewed. The rule is not abrogated or varied by virtue of section 168, chapter 46, '35 C.S.A., which provides that trials of cases on appeal from county court to district court, shall be de novo, as seems to have been the conclusion of the trial court. *Belch v. Roberts, Ex'tr'x,* 191 Mo. App. 243, 177 S.W. 1062. Determination of the point by the Missouri court was on statutes comparable to ours. The basis of the rule, as our study of the authorities convinces, is, that once the competency of a claimant to testify attaches in the circumstances of this record, it becomes constant and persists throughout the litigation.

█ In behalf of the estate it is urged that failure of claimant to exhibit both notes in his formal claim, constitutes inadequacy of presentation. Only the larger of the two notes was attached to the claim. It appears that in giving credit as payments were made, claimant so handled the matter that the smaller note was fully discharged. In proceeding so, we cannot think claimant acted other than within his well recognized legal rights. It is clear that no additional debt burden resulted.

Let the judgment be reversed and the cause remanded to the district court with instructions to enter judgment in favor or claimant.

MR. JUSTICE GOUDY dissents.

*On Petitions for Rehearing.*

MR. JUSTICE HILLIARD.

Proceeding in the light of the estate's petition for

rehearing, we have reexamined the authorities and again carefully considered our original pronouncement. With the exception of our directive in the concluding paragraph of the opinion, which we shall modify as presently to be stated, we believe merit does not attend the petition.

In a supplemental petition, it is urged that since there are minors interested in the estate, their rights may not be waived by the representative of the estate in the manner here. We do not find reference to minors in the record, but, assuming the fact, we regard the point as unsound. A weakness is that the interest of all heirs, minors no less than adults, in estates, is subordinate to claims of creditors. Where there is no charge of bad faith on the part of the representative of the estate, and there is none here, the representation is of the estate as such. The rule is not variant.

We have been at pains to examine *Fetta v. Vandevier*, 3 Colo. App. 419, 34 Pac. 168, cited in the supplemental petition. That was a suit by one proceeding individually against a minor to recover real estate standing in the name of the minor's ancestor, who was deceased. The court appointed a guardian ad litem for the minor. A creditor of the estate intervened in the interest of her claim. When the plaintiff in the case was called to testify, the guardian ad litem did not object to his competency, but the creditor did object. The trial court overruled the objection, and it was upon that ruling that reversal was ordered. Observations in the court opinion concerning the duty of guardians of minors in the circumstances there, seemingly are sound, but we think not pertinent here. The sum of the holding was favorable to the creditor, who promptly, and at the first opportunity, made the objection which was withheld by the representative of the estate here. We believe the supplemental petition likewise is without merit.

While on further examination of the record we still are convinced claimant was entitled to favorable finding

on his claim, we now conclude that as to the sum of his recovery there should be initial determination by the trial court. Accordingly, the concluding paragraph of our opinion is modified to read as follows:

Let the judgment be reversed and the cause remanded, with instructions to find generally in favor of claimant, but as to the extent of recovery the court will examine the record made at the trial, including the testimony of claimant, and adjudge as advised.

The petitions for rehearing are denied.