## No. 15,890.

YARBER *v*. CITY AND COUNTY OF DENVER.
(182 P. [2d] 897)

Decided June 16, 1947.   Rehearing denied July 7, 1947.

Mr. GEORGE G. ROSS, for plaintiff in error.

Mr. MALCOLM LINDSEY, Mr. THOMAS E. BOYLES, for defendant in error.

*In Department.*

MR. JUSTICE HAYS delivered the opinion of the court.

PLAINTIFF in error, Matthew Yarber, was convicted in the municipal court, City and County of Denver, of violating section 1345, regarding vagrancy, and section 1307 thereof, concerning disturbance, as defined by the 1927 Municipal Code. Upon appeal, a jury in the county court again found him guilty of both charges.

Plaintiff in error relies upon three assignments of error for reversal: (1) That the court erred in consolidating the vagrancy and disturbance charges in one proceeding; (2) that the court erred in permitting evidence to be received of prior felony convictions; and (3) that the court erred in refusing to give a tendered instruction on the defense of alibi, to the jury.

■ Other points specified for reversal have been examined, but we do not pass upon them because they are repititious, too general in character, fail to conform with our rules, and are nonprejudicial, or otherwise without merit, justifying an affirmance without written opinion. *Wilson v. Giem,* 90 Colo. 27, 5 P. (2d) 880; *Carter v. City and County of Denver,* 114 Colo. 33, 160 P. (2d) 991; *Clow v. Denver Coca-Cola Bottling Co.,* 115 Colo. 351, 173 P. (2d) 888.

■ The consolidation of charges, it is generally held, rests in the sound discretion of the court and its ruling will not be disturbed on review unless an abuse of discretion is apparent. 1 Am. Jur. 476, §92, et seq. *Willy v. Atcheson, Topeka & Santa Fe Ry. Co.,* 115 Colo. 306, 172 P. (2d) 958.

In the instant case the same defenses were interposed to each charge and the consolidated actions involve the same parties, relate to the same transactions, and the evidence pertaining to each charge was applicable to and admissible as to the other. In addition, the record discloses that the only objection to the consolidation of the

two charges was made after both parties had rested, and counsel for defendant said he would "have to acquiesce in" the consolidation. The record considered, the trial court in consolidating the two charges, one for vagrancy, and the other for disturbance, for trial, did not abuse its discretion and, consequently, its ruling will not be disturbed.

■ It next is contended that the court erred in permitting the introduction of evidence of defendant's prior convictions of felonies, which convictions occurred more than five years before the trial of the instant case, in violation of the provisions of chapter 236, Session Laws, 1941 ('35 C.S.A., '45 Cum. Supp., c. 177, §1). This statute was considered by us in *Faden v. Estate of Midcap*, 112 Colo. 573, 152 P. (2d) 682, and we held that the failure of the party entitled to the protection of the statute to make timely objection, waived the privilege of the statute.

In the present case, when the testimony concerning the former convictions of the plaintiff in error was submitted, the only objection thereto was upon the ground that it was indefinite, and that the time and place of the former convictions were not fixed. After defendant's counsel was informed as to the time and place of said former convictions, he answered, "o.k.", and made no further objection. This circumstance, under our ruling in *Faden v. Estate of Midcap, supra,* constitutes a waiver of the protection of the statute, and plaintiff in error is not now in a position to assign or urge error on account thereof.

■ It next is contended that the court erred in refusing to give a requested instruction on the defense of alibi, which expressly recited that, "The defense of an alibi, to be entitled to consideration, must be such as to show that at the very time of the commission of the violation complained of the defendant was at another place *so far away and under such circumstances* that he could

not, with any ordinary exertion, have reached the place where the violation took place."

Defendant not only was conclusively shown by undisputed evidence, but he also admitted, that he was in the immediate neighborhood at the time the offenses were committed. He asserts, however, that he was on another street. From his own testimony it appears that it not only was possible for him to be at the place where the offenses were committed, but that it was very probable that he was actually there. It is quite generally held that before an alibi instruction can properly be given, the evidence should show or tend to show the defendant was elsewhere when the crime charged against him was committed, "and an alibi which leaves it possible for the accused to be the guilty man is no alibi at all." 15 Am. Jur. 14, §314; *Singh v. State,* 35 Ariz. 432, 280 Pac. 672, 67 A.L.R. 129.

In addition to the foregoing, it clearly appears from a careful examination of all of the evidence that the possibility, if any, that the result of the trial would have been changed if the tendered instruction had been given is so remote that there was no error in the refusal of the trial court to give the same. *Modern Woodmen v. White,* 70 Colo. 207, 219, 199 Pac. 965.

Finding no error, the judgment of the trial court is affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE STONE concur.