**HARRIS, Estate of, In Re; FITCH, Plaintiff-Appellant, v. SUMPTER, Admr., Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21842.   Decided July 24, 1950.

Charles A. Chandler, George V. Johnson, Cleveland, for plaintiff-appellant.

Morris H. Wolf, H. David Lefkowitz, Cleveland, for defendant-appellee.

(HUNSICKER, PJ, DOYLE, J, of the 9th District; FESS, J, of the 6th District, sitting by designation in the 8th District.)

## OPINION

By DOYLE, J:

This is an appeal from a judgment of the Probate Court of Cuyahoga County which overruled exceptions "to the inventory and appraisal in the estate of Alex Harris, deceased." As properly stated by the trial judge,

"The issues * * * stem from certain exceptions that were filed to the inventory and appraisal by Fannie Fitch, next of kin of the decedent, on the ground that Rose Harris, named as the widow of said decedent, is not his widow, and is not entitled to a year's allowance. * * *."

From the record before us, we find that, in 1948, a hearing was had on the exceptions, in which it was determined by the Probate Court that,

"Rose Harris, named as the widow of Alex Harris, deceased, is not the surviving spouse of said decedent, and is not entitled to exemptions, allowance for a year's support or a distributive share in the estate of said decedent."

Upon appeal to the Court of Appeals of the Eighth Judicial District, this judgment was reversed for "error of law in placing the burden of proof upon the defendant" and because the judgment was "manifestly against the weight of the evidence." Upon retrial in the Probate Court, Rose Harris was found to have been the common-law wife of Alex Harris at the time of his death, and the exceptions were, accordingly, dismissed.

In the appellant's appeal for a reversal of this judgment the following errors are assigned:

"1. The trial judge committed error prejudicial to the appellant in admitting in evidence and considering the transcript and record of testimony of the woman known as Rose Harris and as Rose Houston, in support of her alleged common-law marriage and against the claim of appellant as heir of Alex Harris, deceased.

"2. The order of the trial court overruling exceptions to inventory of appellee and holding that there was a common-law marriage, was contrary to law.

"3. The judgment of the trial court, holding that there was a common-law marriage between Alex Harris and Rose, was contrary to the great weight and to the manifest weight of the evidence and was unsupported by sufficient evidence."

In the first trial of this case, in the Probate Court, the competency of Rose Harris to testify on the subject of her claimed common law marriage was not challenged by objection or otherwise, and her testimony was recorded. Some time prior to the second trial she was murdered. As a consequence thereof, her testimony given in the first trial, was

offered and admitted in evidence in the second trial, under authority claimed to exist by virtue of the provisions of §11496 GC. This testimony was challenged by objection in the second trial. The objection was based upon the provisions of §11495 GC.

Sec. 11495 GC in part provides:

"A party shall not testify when the adverse party * * * is an executor, or administrator, or claims or defends as heir, grantee, assignee, devisee or legatee of a deceased person, except: * * *

"7. If after testifying orally, a party dies, the evidence may be proved by either party on a further trial of the case, whereupon the opposite party may testify to the same matters * * *."

Sec. 11496 GC in part provides:

"When a party or witness, after testifying orally, dies * * * if the evidence given by such party or witness is incorporated into a bill of exceptions * * * the evidence so incorporated * * * may be read in evidence by either party on a further trial of the case. If no bill of exceptions has been taken * * * but the evidence of such party or witness has been taken down by an official stenographer, the evidence so taken may be read in evidence by either party on the further trial of the case and shall be prima facie evidence of what such deceased party or witness testified to orally on the former trial. * * * All testimony so offered shall be open to all objections which might be taken, if the witness was personally present."

We are not called upon to determine the question as to whether the alleged wife, over objection, would have been competent to testify in the first trial. No objection was made to her testifying, and the law recognizes that it may be conducive to the ends of justice to permit a personal representative of a deceased person to exercise a discretion, by a failure to object, in making the testimony of such witness admissible. If the alleged wife, under the statute, was an incompetent witness, the failure to object waived the statutory barrier and made her testimony proper.

Proceeding now to the question of whether, under §§11495 (7) and 11496 GC, the testimony of the wife was admissible over objection in the second trial, (assuming that her capacity as a witness could have been successfully challenged on the first trial—which question we do not here decide) we are

of the opinion that a majority of the courts in this country support the view that, when the competency of a claimed surviving spouse to testify was not challenged in a court of competent jurisdiction, the question in a retrial of the same case between the same parties in the same court following a reversal on other grounds by a reviewing court, does not become one of original presentation, nor does an invocation of the so-called "dead man's statute" (§11495 GC) negative a claimant's right to testify. The circumstances out of which waiver resulted pertained to the cause, not to the court nor the particular trial in which they were developed. By virtue of the "waiver" claimant's competency to testify in the cause became established and her status fixed.

"* * * Thereafter it was of the cause, alive and abiding, for however long, and in whatever forum, the merits of which remained in controversy. 'The competency established at one trial obtains at subsequent trials of the same cause.' * * *." Faden v. Midcap's Estate, 152 Pac. (2d) 682 at p. 685.

See also: 42 O. Jur., Witnesses, Sec. 160, p. 167; 64 A. L. R. 1181; 107 A. L. R. 496; 159 A. L. R. 427 and cases therein cited.

"* * * A majority of the courts * * * take the view that waiver of the incompetency of the surviving party as a witness with respect to transactions with the deceased, based upon examination of that party, operates not only during the proceedings in which the examination takes place, but extends to subsequent proceedings between the same parties. * * *." 58 Amer. Juris. Witnesses. Sec. 362, and cases therein cited.

Concluding, as we do, that had the claimant survived, the waiver of her competency to testify as a witness in the first trial would have carried over into the second trial, it would seem axiomatic that her testimony, later transcribed, was admissible in the second trial under the provisions of the statute. (Sec. 11496 GC supra.)

Examination has been made of the remaining claimed errors, and we find none to be prejudicial in character.

The judgment is affirmed.

HUNSICKER, PJ, FESS, J, concur.