## No. 16,452.

### STENDER v. CUNNINGHAM, ADMINISTRATOR.
(225 P. [2d] 52)

Decided November 6, 1950.   Rehearing denied December 4, 1950.

Messrs. TEMPLE & FISCHER, Mr. HATFIELD CHILSON, for plaintiff in error.

Mr. WALDO RIFFENBURGH, for defendant in error.

*En Banc.*

MR. JUSTICE HAYS delivered the opinion of the court.

Royal T. Stender, plaintiff in error, petitioned the county court of Larimer county for probate of an alleged lost will of his sister Dorothea Cunningham, deceased. A caveat was filed by C. J. Cunningham, administrator of the estate, raising questions as to whether or not said will was the last will and testament of deceased, and also questions as to her testamentary capacity, and of undue influence. We shall hereinafter refer to the parties as proponent and respondent.

The record before us does not disclose the judgment of the county court, but on appeal and trial in the district court a special verdict was returned by the jury to the effect that the deceased made and executed said alleged last will and testament on or about April 2, 1948; that Exhibit A, received in evidence, was a true copy of such will; that deceased was not on said date of sound mind and disposing memory; that no undue influence was exercised upon her in the making of said will, and that the deceased revoked the will prior to her death. Judgment was accordingly entered denying probate of the will, and proponent brings the cause here for review by writ of error.

The proponent of the will was permitted without objection to testify concerning transactions which occurred subsequent to the death of the testator and it is conceded that the proponent, under the provisions of section 2, chapter 177, '35 C.S.A., is incompetent, in the absence of a waiver, to testify concerning transactions and conversations which occurred prior to the death of the deceased under the provisions of said statute.

The pertinent portion of the statute mentioned above, is as follows: "No party to any civil action * * * shall be allowed to testify therein, of his own motion, or in his own behalf * * * when any adverse party sues or defends as the * * * administrator * * * of any deceased person * * *; *unless when called as a witness by such adverse party so suing or defending * * *.*" (Emphasis supplied)

■ The only question to be here determined is whether or not the cross-examination of proponent by respondent's counsel removed the inhibitions contained in said statute so as to render proponent competent as a witness for all purposes.

It appears from the record that deceased rented a safety deposit box at a Fort Collins bank in February, 1948; that in the latter part of March, 1948, she consulted an attorney about the drawing of a will; that the attorney obtained the necessary information for the drawing of such will and made notes thereof to be used in its preparation; that the deceased returned to the attorney's office April 2, 1948, accompanied by one Donna Freeman, whereupon the will was signed by testatrix and witnessed by the attorney and Mrs. Moirmitsu; that deceased, together with Donna Freeman, went from the attorney's office to the bank where the safety deposit box was located; that deceased and an employee of the bank then went to the vault; that shortly thereafter deceased told an acquaintance, "I made my will the other day;" that during the latter part of June, 1948, deceased had a heart attack and was taken to the Larimer County Hospital near Fort Collins, where she remained until her death August 1, 1948; that on July 27, 1948, deceased, pursuant to petition filed by respondent Cunningham, was adjudged a mental incompetent and respondent was thereupon appointed conservator of her estate.

The bank records disclose that deceased never opened the deposit box after April 2, 1948, the day the will was made; that said box was opened by respondent, as conservator, July 27, 1948, July 29, 1948, and August 4, 1948; and thereafter on September 4, 1948, in company with a representative of the Inheritance Tax Department. The respondent claims that he found no will in the safety deposit box or among decedent's effects.

In the trial court, proponent was interrogated by his counsel on direct examination concerning matters oc-

curring subsequent to the death of decedent, as is permitted under the above statute.

Upon cross-examination, proponent was interrogated by counsel for respondent in relation to a conversation between proponent and decedent concerning the legality of an unwitnessed will, a conversation in which proponent was alleged to have told deceased what to put in the will, as to proponent's knowledge of the location of certain personal effects of deceased; as to proponent's possession of a key to decedent's room; as to proponent's knowledge of the ownership and disposition of a black bag kept by decedent during her lifetime; as to proponent's access to and disposition of decedent's effects and belongings, and proponent's knowledge of his sister having a key to decedent's room.

On redirect examination, the following occurred: [By proponent's counsel]: "Q. Now, Mr. Stender, you testified here a while ago that you had a conversation with Mrs. Cunningham on April 18 in her hotel room? A. I did. Q. That is 1948, and that you were present and she was present? A. And she was present. That's right. Q. What was that conversation?"

"Mr. Riffenburgh: Just a minute. May it please your Honor, I think that question has already been up and ruled on. We renew our objection.

"The Court: It is still good.

"Mr. Fischer: If your Honor please, I think when the witness is once qualified for any purpose, he is qualified for all purposes under the decisions of the Supreme Court.

"The Court: No, he was qualified for one purpose. The objection is still good.

"Mr. Fischer: We save our exception to that."

We have considered the applicable statute and the waiver of the benefits thereof in the following cases, wherein we stated: "Having been called as a witness by the adverse parties and examined by them as a witness upon certain matters pertinent to some of the issues in

the case, we think that he was thereby rendered competent for all purposes." *Warren v. Adams,* 19 Colo. 515, 521, 36 Pac. 604.

"When * * * a disqualified witness is called by the adverse party and examined by him as a witness upon certain matters pertinent to some of the issues in the case, such witness is thereby rendered competent for all purposes." *Allen v. Shires,* 47 Colo. 433, 436, 107 Pac. 1070.

"Plaintiff could not voluntarily testify. Her lips were closed by our statute which provides that no party to an action may testify of his own motion where an adverse party sues or defends as administrator. Section 6556, C.L. 1921. She was called by the administrator under the provisions of the statute which permits the interrogation of an adverse party as on cross-examination. Section 6570, C.L. 1921. This removed the bar and made plaintiff a competent witness 'for all purposes.' *Warren v. Adams,* 19 Colo. 515, 521, 36 Pac. 604. When such witnesses are called by the adverse party 'the inhibition of the statute is removed and they become competent to testify as fully as any other witness in the case." *Jerome v. Bohm,* 21 Colo. 322, 327, 40 Pac. 570.

"He for whose protection the statute was enacted may not juggle with it. He may not claim it in part and waive it in part as suits his convenience. Otherwise this act, passed for the purpose of preventing fraud, might become the instrument of fraud. The testimony of plaintiff should not have been limited to rebuttal." *Zackheim v. Zackheim,* 75 Colo. 161, 225 Pac. 268.

"Mrs. Finch was called and cross-examined by her adversary at suit. 'This removed the bar and made plaintiff a competent witness for all purposes.' *Zackheim v. Zackheim,* 75 Colo. 161, 225 Pac. 268. The competency established at one trial obtains at subsequent trials of the same cause." *Finch v. McCrimmon,* 100 Colo. 315, 317, 67 P. (2d) 623.

In addition to the foregoing the subject of waiving the

provisions of the statute is ably discussed in *Koch v. Garnier,* 110 Colo. 562, 136 P. (2d) 673, and *Faden v. Estate of Midcap,* 112 Colo. 573, 152 P. (2d) 682, which cases, together with *Finch v. McCrimmon, supra,* are cited in an annotation, 159 A.L.R. 416, in support of the author's statement of the general rule. "The general rule stated in the earlier annotations [64 A.L.R. 1158, 107 A.L.R. 487] that, subject to certain qualifications, the cross-examination of a witness concerning transactions or conversations with a deceased party amounts to a waiver of the incompetency of the witness with respect to such matters, and renders him competent to testify thereto as against the examining party, * * *."

We are unable to escape the conclusion that by cross-examination of proponent concerning conversations and transactions occurring prior to the death of decedent, the proponent was thereby rendered competent to testify for all purposes and that the inhibitions of the statute do not apply.

The judgment is reversed and cause remanded for further proceedings consistent with the views herein expressed.

MR. JUSTICE STONE not participating.