[No. 5439.]
[No. 3100 C. A.]

## BUTTERFIELD V. SULLIVAN.

Former Opinion Followed.

The judgment in the case is reversed in accordance with Holmquist v. Gilbert, ante, p. 113.

*Error from the District Court of the City and County of Denver.*

*Hon. F. T. Johnson, Judge.*

Action by James J. Sullivan, on a promissory note secured by trust deed, against Albert D. Butterfield. From a judgment for plaintiff, defendant brings error.

Decision *en banc.* Mr. JUSTICE CAMPBELL, Mr. JUSTICE GABBERT and Mr. JUSTICE MAXWELL dissent from the conclusion that the trustee's application of the proceeds of the sale of the property on the note does not remove the bar of the statute.

*Reversed, and rehearing denied.*

Mr. W. W. DALE and Mr. GEO. B. CAMPBELL, for plaintiff in error.

Mr. JAS. J. SULLIVAN and Mr. HENRY COHEN, for defendant in error.

Mr. JUSTICE CASWELL delivered the opinion of the court:

The defendant in error, who was plaintiff below, brought an action to recover the balance due on a note, with interest thereon, amounting to seven hundred and ninety-eight dollars and seventy cents ($798.70), together with the additional sum of one hundred and nineteen dollars and eighty cents ($119.80) as attorney's fee, according to the terms of said note. This note was dated April 8th, 1893, was due one year after date, and was executed by

the plaintiff in error. The suit was brought in 1903.

One of the defenses plead, and which is sufficient to dispose of this case, was the statute of limitations. We do not consider the other defenses.

The note was secured by a deed of trust. The property described in the deed was sold by the trustee after due advertisement, all in accordance with the terms and conditions of the trust deed, so far as the record shows. The proceeds were credited upon the note in 1897. The judgment below was rendered upon the theory that such partial payment renewed the note, and that the same was a voluntary payment, being directed by the trust deed, the authority having been given to sell the same and apply the proceeds.

The facts involved in this case are substantially the same as those involved, considered and ruled in *Holmquist v. Gilbert* at this term of the court (*ante,* p. 113). The questions presented for determination here upon the defense mentioned, are the same as those presented in that case, and for reasons therein given the judgment herein is reversed.

Decision *en banc.* Mr. JUSTICE CAMPBELL, Mr. JUSTICE GABBERT and Mr. JUSTICE MAXWELL dissent from the conclusion that the application by the trustee of the proceeds of the sale of the property, on the note, secured by such trust deed, did not remove the bar of the statute of limitations.

### Upon Petition for Rehearing.

*Per Curiam:* The defendant in error filed his petition for rehearing, and in support of the same, states that the facts involved in this case are different from those in the case of *Holmquist v. Gilbert,* upon the authority of which this case was decided, and states that the plaintiff in error made a special re-

quest to the trustee named in the deed of trust to foreclose the same and to indorse the purchase price as a payment upon the note. That the trustee in so doing acted under the express instructions and directions of the plaintiff in error, whereby the same became the act of the plaintiff in error.

These statements and representations of the defendant in error do not appear in the record in this case. The record shows no arrangement or agreement whatsoever between the parties. The abstract does not contain any evidence and neither does the transcript, which we have examined, contrary to our general practice. A motion to amend the complaint was made in the court below by adding:

"That said trustee sale was made at the special instance and request of the defendant and the proceeds of said sale applied upon said note at the request of the defendant."

It does not appear by the abstract or by the transcript that said motion was allowed. By the amended replication it is alleged:

"That said deed of trust was given by the defendant to one Jeffrey F. Keating as trustee, for the use of Mary J. Keating, and that the said note authorized and empowered the said trustee to sell and dispose of the real estate therein described, and to apply the proceeds of said sale, after paying the cost and expense of same, to the payment of the note. That pursuant to said power and authority, and in behalf of said defendant, the said trustee made sale of said real estate and applied the proceeds upon said note as therein directed by the defendant."

The defendant in error is bound by this pleading and there seems to be no further pleading upon which he could rely to show any agency or act of the trustee. It was held in this case, for the reasons

given in the case of *Holmquist v. Gilbert*, that such authority did not constitute the trustee an agent with power to revive the debt or set the statute in motion anew, and this for the reason that indorsement upon the note of the proceeds of the sale by the trustee was an involuntary payment. No such case as presented by the petition for rehearing was ever presented to this court by the original record.

*Rehearing denied.*