## No. 9222.

## STRATTON v. RICE ET AL.

1. COUNTY COURT—*Jurisdiction in Probate Proceedings,* of the person, is conferred by appearance.

The court wherein the estate of a deceased person is in course of settlement has jurisdiction to summon before it a woman claiming to be the widow of the decedent, and to determine the question of her widowhood.

2. *Action of Claimant in District Court.* An action instituted by the (lady) claimant, in the District Court, does not oust the County Court of its jurisdiction. *Hodgkins v. Ashby,* 56 Colo. 553, distinguished.

3. *Trial by Jury.* In probate proceedings a jury is matter of right only when so provided by statute.

4. CERTIFYING CASE TO DISTRICT COURT—*Statute Construed.* It is not the duty of the County Court to certify a cause to the District Court, under the Laws of 1915, c. 173, unless the parties stipulate for such transfer.

5. EVIDENCE—*Witness—Competency.* One claiming a share in the estate of a decedent, as his widow, is not a competent witness to sustain her claim (Rev. Stat., sec. 7267).

Nor is one who by assignment from the claimant is entitled to share in whatever she may recover.

The exception made in the statute of conversations and transactions with the deceased, does not extend to deposit slips, and checks, in the handwriting of the deceased, dated at times when, according to the assertions of the claimant, he was in another state.

6. APPEAL AND ERROR—*Abstract.* Matters not contained in the abstract are not considered.

*Error to El Paso County Court, Hon. W. P. Kinney, Judge.*

*Department One.*

Mr. JOHN T. BOTTOM, Mr. CAESAR A. ROBERTS, Mr. LESLIE M. ROBERTS, for plaintiff in error.

Messrs. CHINN & STRICKLER, Mr. TYSON S. DINES, for defendants in error.

Opinion by Mr. Justice Teller.

PLAINTIFF in error was brought into the County Court of El Paso County by a citation, issued on the petition of defendants in error, to show cause why she should not be a party to the proceeding in said court for the probate of the will of W. S. Stratton, and the settlement of his estate, and be required to set up therein any claim she might have to an interest in said estate.

Plaintiff in error hereinafter designated as the respondent, filed a demurrer and an answer at the same time, challenging the jurisdiction of the court, and then setting up that she was the widow of said decedent, and entitled to one-half of his estate.

The demurrer having been overruled, a reply was filed denying that respondent was ever the wife of deceased.

The cause was set for trial on April 25, 1916, on the question whether or not respondent was ever married to said Stratton, deceased.

Some days later, a stipulation between the parties was filed that said matter might be reset for trial on May 16, 1916, with the understanding that application to have said cause tried to a jury might be made on or before April 17, 1916.

An application to have the question of respondent's marriage to Stratton tried to a jury was made and denied. A motion to transfer the case to the District Court was then denied, as was a motion for a continuance, filed May 6, 1916.

The cause having been reset for trial on May 16, 1916, and another motion for a continuance overruled the trial of the cause proceeded.

The court found against respondent on the question of her marriage to Stratton, and entered judgment accordingly.

The cause is now before us on error.

It is urged, first that the court erred in overruling a demurrer to the citation above mentioned.

One ground of the demurrer was that the court was without jurisdiction of the person of respondent or "the subject of the action."

As the respondent appeared and engaged in the trial, the court certainly had jurisdiction of her person; and, as the controversy involved the settlement of an estate, the court had jurisdiction of the subject matter.

The second ground of demurrer, that there was an action pending between the same parties in the District Court in Denver, is also without merit. The County Court had jurisdiction of the probate of the will, and the settlement of the estate, and the cause was pending in it long before the beginning of the suit in Denver.

If respondent was in fact the widow of the decedent, the statute required that she be brought in by citation; and, manifestly, she could not, in any event, oust the County Court of jurisdiction by beginning a suit in any District Court.

*Wright v. Wright*, 11 Colo. App. 470, 53 Pac. 684, cited on this point, has no bearing on this case. The court there held that the County Court had no jurisdiction to determine a disputed question as to the existence of a partnership.

The question here is not whether the respondent might sue in a District Court, but whether or not the County Court had jurisdiction, and so had authority to cite her to show cause why she should not be made a party to a proceeding therein pending concerning an estate to a share of which she was making claim as widow of the testator. Hence, the case of *Hodgkins v. Ashby*, 56 Colo. 553, 139 Pac. 538, is not in point.

Counsel also urge that the court erred in not granting respondent a continuance, but, as they have not preserved the motion for the continuance, or any showing supporting it in their abstract of record, the question is not before us. In any event, it appears that respondent presented her case in great detail, and no showing is made that she was injured by the denial of the continuance. Counsel make no

claim that when the case was tried any witness was absent who would have been present had a continuance been granted. There was no abuse of discretion in the refusal to continue the case.

It is urged, further, that the court erred in denying a trial by jury. The issue to be tried was that of the marriage of respondent to W. S. Stratton. The fact of such marriage must have been established as the first step to respondent's case. It was a necessary element on the question of heirship and in the settlement of the estate, when once respondent had set up that she was the widow of the testator.

The jurisdiction exercised by courts of probate was never exercised by common law courts, and is purely statutory. The constitutional provisions for trial by jury do not apply. *Moody v. Found,* 208 Ill. 78, 69 N. E. 831, and *Ferris v. Higley,* 20 Wall. 376, 22 L. Ed. 383. In probate proceedings issues are tried by jury only where it is so provided by statute. 24 Cyc. 104, and cases cited. There is no statute in this state giving a right to a jury trial in a case like this.

There was no error in the order denying respondent's motion to have the cause certified to the District Court. Chapter 173, Laws of 1915, does not make it the duty of the county court so to certify a cause, when no stipulation to that effect has been made.

The testimony of the respondent as to matters before the death of Stratton was properly excluded. This court has held that the statute (7267, R. S. 1908, as amended by Chap. 229, Laws of 1911), applies in probate proceedings: In re *Shapler's Estate,* 35 Colo. 578, 85 Pac. 688, 6 L. R. A. (N. S.) 575, 117 Am. St. 216. The respondent was a party to the action, and directly interested in the event thereof, and hence within the bar of the statute.

The Parker deposition was properly excluded under the statute, since it was found by the court that Parker had, by assignment from respondent, a quarter interest in whatever property she recovered from the Stratton estate. Were

the deposition admissible it would be impossible to determine whether or not its exclusion was error, since the record does not advise us as to its contents.

Plaintiff in error contends that she was made a competent witness by the introduction, by the defendants in error, of deposit slips and checks in Stratton's handwriting, and dated at times when respondent claimed he was in Texas. The exceptions in the statute cover testimony by witnesses to "conversations and transactions" with the deceased, and do not apply to the evidence mentioned.

It is further contended that the findings of the trial court are against the evidence, but a careful review of it satisfies us that it fully supports the findings.

The judgment is accordingly affirmed.

Chief Justice Garrigues and Mr. Justice Burke concur.

Decided April 7, A. D. 1919.   Rehearing denied June 20, A. D. 1919.