No. 10,881.

MILLER v. O'BRIEN, ET AL.

Decided March 3, 1924.

Proceeding for the determination of heirship. Heirship of plaintiff in error denied.

*Affirmed.*

On Application for Supersedeas.

1.  APPEAL AND ERROR—*Weight of Evidence.* A general assignment of error, that the judgment is contrary to the weight of the evidence, presents no question for the review.

2.  JURY—*Civil and Probate Cases—Constitutional Right.* There is no constitutional right to a trial by jury in civil cases or probate proceedings in Colorado.

3.  HEIRSHIP—*Determination of—Jury Trial.* There is no statutory provision for a jury trial in proceedings to determine heirship, in county or district courts, nor where such proceedings are brought from county to district court, on appeal. Denial of a trial by jury in such a case, held not error.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Messrs. WHEELER & ALLEN, for plaintiff in error.

Mr. H. H. TANGEMAN, Mr. CHARLES R. BOSWORTH, for defendants in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is a proceeding which was originally instituted in the county court of the City and County of Denver to determine the heirship in the matter of the estate of H. B. Parker, deceased. The heirship of several persons was not disputed, but was denied as to the claimant who is the plaintiff in error here. The county court found against her. On appeal to the district court the same finding was made and a decree entered accordingly. The claimant affected

adversely by the decree brings the cause here for review and asks for a supersedeas.

There are two assignments of error. The first is that the judgment "was contrary to the weight of the evidence." This assignment is not sufficient to present any question for review. 3 C. J. 1373. Were it otherwise, however, our conclusion, from the depositions, would be the same as that of the trial court.

The second assignment of error is founded on the district court's refusal to allow the claimant a jury trial. There is no constitutional right to a trial by jury in civil cases, in this state. *Londoner v. People,* 15 Colo. 557, 570, 26 Pac. 135; *Corthell v. Mead,* 19 Colo. 386, 35 Pac. 741. Nor is there any constitutional right to a trial by jury in probate proceedings. *Stratton v. Rice,* 66 Colo. 407, 181 Pac. 529. No jury trial is provided by statute in proceedings to determine heirship in the county court. Such proceedings may be instituted in the district court. Secs. 5176 et seq. C. L. 1921. There too, they are triable only to the court without a jury. Since there would be no trial by jury in the district court if proceedings to determine heirship were there originally begun, it follows that there is no trial by jury, as a matter of right, where such proceedings are brought to the district court on appeal. Sec. 5779 C. L. 1921; *Clough v. Clough,* 27 Colo. 97, 59 Pac. 736. There was no error in denying plaintiff in error a trial by jury.

The application for supersedeas is denied and the judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE BURKE concur.