## No. 10,540.

### ZACKHEIM v. ZACKHEIM.

Decided April 7, 1924.

Petition for widow's allowance. Petition denied.

*Reversed.*

1.  WITNESSES—*Competency—Repute of Marriage.* One alleging herself to be the widow of a deceased person, held incompetent to testify as to "repute of marriage," in proceedings under a petition for a widow's allowance.

2.  EXECUTORS AND ADMINISTRATORS—*Jury.* There is no constitutional right to a jury trial in probate proceedings.

3.    *Widow's Allowance—Costs—Jury Trial.* A widow's allowance
      is a part of the costs of administration. There is no statute in
      Colorado providing for a trial by jury of a question of costs.

'4.   WITNESSES—*Executors and Administrators—Statutory Cross-exam-
      ination.* In proceedings under a petition for a widow's allowance,
      petitioner is barred from testifying by section 6556, C. L. '21,
      but if called by the adverse party for cross examination under
      section 6570, C. L. '21, it is held that the bar is removed, and the
      witness competent for all purposes.

*Error to the District Court of the City and County of
Denver, Hon. Clarence J. Morley, Judge.*

Mr. JOEL E. STONE, Mr. GEORGE OLIVER MARRS, for plain-
tiff in error.

Mr. SAMUEL ZACKHEIM, Pro se. Mr. PHILLIP HORBEIN,
for defendant in error.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appear in the same order as in the trial
court, and for convenience we so designate them.

Plaintiff filed in the county court her petition for widow's
allowance, and from a judgment against her she appealed
to the district court where the cause was tried with the
same result. To review that judgment she brings error.

Louis Zackheim died intestate November 8, 1921, Sam-
uel Zackheim, defendant herein and brother of deceased,
was appointed administrator. His answer alleged that de-
ceased was a single man, that plaintiff's correct name was
Gertrude Wilson, and that her claim was false and fraud-
ulent. That claim is based upon an alleged common law
marriage the existence whereof is the sole question at
issue.

Plaintiff's demand for a jury in the district court was
refused. She was not called as a witness in her case in
chief but was called by defendant "as an adverse witness
for cross-examination under the statute." Thereupon her
attorney claimed the right to have her "go into this whole

transaction." Over objection the court limited her testimony to the cross-examination. After defendant rested plaintiff was recalled, her evidence offered in chief and, over objection, limited by the court to rebuttal.

Three alleged errors only need be considered here: (1) The refusal of the court to permit plaintiff to testify to the "repute of marriage" of herself and deceased; (2) the refusal of the court to grant plaintiff a jury trial; (3) the ruling of the court confining plaintiff's testimony to rebuttal.

1. Plaintiff was no more competent to testify as to the "repute of marriage" than to testify as to her own reputation for truth and veracity.

2. A widow's allowance is ·a part of the costs of administration. *Wilson v. Wilson,* 55 Colo. 70, 77, 132 Pac. 67. The allowance of costs of administration are a part of "probate proceedings." There is no constitutional right to a jury trial in probate proceedings. *Miller v. O'Brien,* 75 Colo. 117, 223 Pac. 1088. There is no statute which provides for trial by jury of a question of costs.

Moreover, if plaintiff was the widow of deceased, there was no question of fact to be tried. Her allowance was given her by law. The existence of the marriage was the only question of fact in issue. In a similar case where, as here, "the fact of such marriage must be established as the first step," we held that "there is no statute in this state giving a right to a jury trial in a case like this." *Stratton v. Rice,* 66 Colo. 407, 181 Pac. 529.

3. Plaintiff could not voluntarily testify. Her lips were closed by our statute which provides that no party to an action may testify of his own motion where an adverse party sues or defends as administrator. Section 6556, C. L. 1921. She was called by the administrator under the provisions of the statute which permits the interrogation of an adverse party as on cross-examination. Section 6570, C. L. 1921. This removed the bar and made plaintiff a competent witness "for all purposes." *Warren v. Adams,* 19 Colo. 515, 521, 36 Pac. 604. When such wit-

nesses are called by the adverse party "the inhibition of the statute is removed and they become competent to testify as fully as any other witness in the case." *Jerome v. Bohm,* 21 Colo. 322, 327, 40 Pac. 570.

He for whose protection the statute was enacted may not juggle with it. He may not claim it in part and waive it in part as suits his convenience. Otherwise this act, passed for the purpose of preventing fraud, might become the instrument of fraud.

The testimony of plaintiff should not have been limited to rebuttal.

For that error the judgment is reversed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE ALLEN concur.