## No. 13,846.

### DODGE *v*. EAST.
(64 P. [2d] 1270)

Decided February 1, 1937.

Mr. A. B. Manning, for plaintiff in error.

Mr. John L. East, Mr. John N. Mabry, for defendant in error.

*In Department.*

Mr. Justice Knous delivered the opinion of the court.

The defendant in error, plaintiff below, on July 3, 1934, sued on an account which had been stated in writing by the parties under date of June 24, 1926, alleging a new promise in writing within the six-year period, and payments on account. It will be observed the suit was not instituted until over eight years after the account had been stated. Plaintiff in error, defendant below, pleaded payment and raised the bar of the statute of limitations, and denied the new promise or any payments within the period. Defendant in error replied by pleading absence of plaintiff in error from the state and concealment for part of the time during the period, to toll or interrupt the statute. The case was tried to the court without a jury. Evidence was introduced by both parties covering all the issues created by the pleadings. The trial court found all issues in favor of the defendant in error and judgment was entered against the plaintiff in error for the balance of the account stated.

The plaintiff in error was employed by the defendant in error as an insurance agent about 1920. In 1926 the plaintiff in error, having made another business arrangement, decided to terminate his employment with defendant in error and in this connection, on June 24, 1926, the account upon which this suit is based, was stated between the parties showing a considerable balance due the defendant in error. Shortly thereafter the plaintiff in error went to Albuquerque, New Mexico, where he engaged in business. Some correspondence was had between the parties with reference to the payment of the account stated and in the latter part of the year 1926 or the early part of the

year 1927, the plaintiff in error endorsed and sent to the defendant in error notes of the face value of approximately $2,000, some at least of which had been given in insurance transactions which had occurred during the time the plaintiff in error was employed by the defendant in error, and several of which were payable to the parties jointly.

The plaintiff in error contends that these notes were sent to the defendant in error in full satisfaction and settlement of the indebtedness represented by the account stated. The defendant in error asserted that the notes were sent to him for collection, with the express instructions that the plaintiff in error's share of the proceeds received therefrom should be credited on the account stated. It is undisputed that on one of these items the defendant in error, on or about July 7, 1928, collected the sum of $21 and credited this amount on the account stated as of that date. This credit, of course, was made less than six years prior to the institution of the suit on account. The plaintiff in error here contends that the crediting of the proceeds from collections on the notes which the defendant in error had in his possession, did not constitute voluntary payments to suspend the operation of the statute.

As we have said, the trial court determined the issues in this connection on conflicting evidence in favor of the defendant in error. It is elementary that we are bound by the findings of the trial court on conflicting evidence and disputed matters of fact. The findings of the trial court necessarily established that the notes were sent to the defendant in error by the plaintiff in error and received by the former with the express arrangement and understanding that any proceeds received therefrom were to be credited on the account stated, and that the defendant in error was constituted the agent of the plaintiff in error to make such credit. Where such agency exists and credits from collections are made upon the account by an agent expressly authorized to do this particular thing, the

crediting of such payments has the same effect as voluntary payments made by the debtor in interrupting the operation of the statute of limitations. *National State Bank v. Rowland,* 1 Colo. App. 468, 29 Pac. 465.

The instant case is thus distinguished from *Holmquist v. Gilbert,* 41 Colo. 113, 92 Pac. 232, followed in *Ferris v. Curtis,* 53 Colo. 340, 127 Pac. 236; *Lovell v. Goss,* 45 Colo. 304, 101 Pac. 72; *Goss v. Lovell,* 45 Colo. 315, 101 Pac. 75, and *Butterfield v. Sullivan,* 41 Colo. 155, 92 Pac. 235, which established the doctrine that where a trustee sold land under the terms of a trust deed authorizing the sale and application of the proceeds to the payment of the note and endorsed the proceeds as a payment on the note without the maker's knowledge and *without his direction* further than by authority granted in the deed, such an endorsement did not toll the running of the statute.

The case of *First National Bank v. Mock,* 70 Colo. 517, 203 Pac. 272, cited by plaintiff in error, does not support his theory. In that case Walter R. Mock was indebted to the bank. He was called upon for additional security for his pre-existing indebtedness. He gave a chattel mortgage and trust deed to the bank and procured William H. Mock to sign the notes as joint maker. The bank credited on the notes certain money realized from the sale of the mortgaged properties of Walter H. Mock and claimed that these credits would interrupt the statute as to the joint maker William H. Mock. This court simply held that payments made upon a note by one of two joint makers will not stop the running of the statute of limitations as to the other maker, and that a joint maker does not make any acknowledgment of his own indebtedness by an agreement as to what could be done with another joint maker's property.

As a defense to the plea of the statute, the defendant in error asserted that the plaintiff in error departed from the state of Colorado and remained out of the state and established his residence in Albuquerque, New Mexico, from about August 21, 1932, to August 1, 1934, thereby

40

tolling the statute of limitations in accordance with section 6417, C. L. 1921. On conflicting evidence the trial court found this issue in favor of the defendant in error and we are concluded thereby.

The judgment is affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE HOLLAND concur.