## No. 15,057.

LYONS, ADMINISTRATRIX *v.* EGAN, GUARDIAN.

(132 P. [2d] 794)

Decided December 21, 1942.

Mr. Benjamin C. Hilliard, Jr., Mr. George A. Trout, Mr. Bart W. O'Hara, for plaintiff in error.

Mr. John T. Adams, Mr. John R. Adams, for defendant in error.

*En Banc.*

Mr. Justice Fetzer delivered the opinion of the court.

This litigation arises over a decree of the district court allowing a claim for children's allowance in the sum of $1,000, to review which Louise Coffey Lyons, as administratrix of the estate of Frank G. Lyons, deceased, plaintiff in error, has sued out a writ of error directed to the district court. Claim was filed in the county court against said estate by Lila E. Egan, as guardian of the estate of Gordon Lyon, Wallace Lyon and Donald Lyon, minors, defendant in error. Appeal was taken to the district court. The minors are the only children of deceased; petitioner on the claim is the mother of deceased and the grandmother of the minor children.

 The claim was presented under section 211, chapter 176, '35 C.S.A., section 1, chapter 109, page 398, Session Laws '35, which reads in part as follows: "If any decedent leaves a widow residing in this state * * * she shall be allowed to have and retain as her sole and separate property the sum of Two Thousand Dollars ($2000.00) in cash, * * *. Provided, however, if any decedent leaves such widow and a minor child or children, the step-child or step-children of such widow, in such case such allowances to the widow shall be limited to one thousand dollars ($1000.00) * * * and the legal guardian or next friend appointed by the court for such child or children shall select and receive the balance of such allowance to be used for the exclusive benefit of such child or children. If there be no widow residing in this state, or if the widow die before the allowance is set over but an orphan minor child or children of such widow or of her deceased husband survive, such child or children shall be entitled to the same rights of allowance as a widow, * * *." We have heretofore construed this statute in a matter between the same parties, *Lyons, Administratrix v. Egan, Guardian,* 107 Colo. 32, 108 P. (2d) 873, wherein we held residence of the children within Colorado to be a requisite. Mr. Justice Burke in the opinion discusses the statute above quoted, the preceding statutes and amendments thereof, the purpose and legislative intent, and states that, " 'It is designed not only as a protection for the widow and children as against want or humiliation, but a protection for the state as well.' * * * The original act and all amendments contain the specific requirement of the widow's residence, and no one of them specifically extends it to the children. * * * The words always are 'a widow residing in this state,' and in each the grant to the children is 'the same rights and allowances as a widow.' Hence if the widow had no rights because of nonresidence the children would be in a like situation." The original section (134) first appears in the Session

Laws of 1903 at page 521. "When the legislature repeatedly re-enacts a statute which has theretofore received a settled judicial construction, there can be no doubt as to the legislative intent; it must be considered that the statute is re-enacted with the understanding that the former construction will be adhered to." *Harvey v. Travelers Insurance Co.,* 18 Colo. 354, 32 Pac. 935.

The only question before us, therefore, is whether or not the minors were residents of Colorado at the time of the death of their father (who died intestate on October 8, 1939) which question was required to be determined by the district court under the mandate of this court in *Lyons v. Egan, supra.* The statute uses the word *"residing."*

The deposition of Berenice Clark, formerly Berenice A. Lyons, offered by the defendant in error, discloses that the family resided together in this state for about two years. In the fall of 1925, at which time the minors were three and one-half, two and one-half and one year of age, the family moved to West Palm Beach, Florida—Mr. Lyons seeking work. In answer to interrogatories, Mrs. Clark stated it was not her intention nor that of her former husband, Lyons, that their children remain away from Colorado permanently, but it was her intention and the expressed intention of Lyons that said children would return to Colorado and there continue their permanent residence. She further stated that such intention, as far as she and the children were concerned, was never changed; that Lyons did in fact return to their family residence in Colorado; that she was not divorced from Lyons at the time he left for Denver and that he did not send them any money; that she obtained a divorce in Florida in May of 1928 and obtained the custody of the children; that they would have returned to Colorado with Lyons when he left and even later if they had had the money.

The depositions of the three children, offered in evidence by defendant in error and admitted over objec-

tions interposed by plaintiff in error, tend to support that of Mrs. Clark and indicate that their intention was to consider their home and residence as being in Colorado.

Plaintiff in error offered, and over the objection of defendant in error the court admitted, an exemplified copy of the record of the divorce proceedings in the case of Berenice A. Lyons against Frank G. Lyons in the circuit court of the Fifteenth Judicial Circuit of the State of Florida, in which Berenice A. Lyons filed a bill of complaint on January 24, 1928. In said complaint she stated that she was and had been a bona fide resident of the State of Florida for more than two years; that she and Frank G. Lyons had lived together as man and wife until about May 30, 1926, when he deserted her and the children. A final decree was entered March 20, 1928, divorcing the parties and awarding the care, custody and full and complete control of the three infant sons to their mother.

Plaintiff in error offered, and over the objection of defendant in error the court admitted, an exemplified copy of the guardianship proceedings in The Matter of the Guardianship of Gordon Lyons, Donald Lyons and Wallace Lyons, minors, in which Berenice A. Lyons, on October 16, 1928, filed a verified petition in the county judges court of Palm Beach county, Florida, praying that she be appointed guardian of said minors. Said petition recited that said children "are minors residing in the county of Palm Beach and state of Florida." November 13, 1928 letters of guardianship were issued to said Berenice A. Lyons, the letters stating in part: "It appearing to the Judge of said court that said Berenice A. Lyons was awarded the custody of said children by a divorce decree * * *," she is hereby appointed to act as guardian and to have the care, custody and control of said minors.

The present case was tried to the court without a jury. The court found the issues in favor of the defend-

ant in error and "that the said minors and each of them were at the time of the death of the deceased, as well as long prior thereto, and ever since hitherto, have been and now are residents of the state of Colorado."

The first five points urged by the plaintiff in error for a reversal of the judgment relate to two points of objections, namely, that the trial court admitted, received and considered the depositions of the minors over the written and oral objections of plaintiff in error, and over written and oral objections to certain interrogatories and answers contained therein; and the sixth point is that the finding of the court that the minors were and are residents of Colorado is contrary to the evidence and to law.

We are of the opinion that the minors were not competent to testify and that their depositions should not have been considered. Chapter 177, section 2, '35 C.S.A. provides: "No party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein, of his own motion, or in his own behalf, by virtue of the foregoing section, when any adverse party sues or defends * * * as the executor or administrator, * * * of any deceased person, * * * unless when called as a witness by such adverse party so suing or defending * * *."

The testimony of the minors does not come within any of the exceptions to the foregoing portion of the statute. Session Laws '41, chapter 235, section 19, amends section 198, chapter 176, '35 C.S.A., so that the second paragraph of the amended section includes the language " * * * but the claimant shall not be permitted to prove the same by his or her own oath; and, provided, further, that every demand shall be proven in the same manner and by like evidence as would be required in other cases where one defends as an administrator." The minors in this case are directly interested in the event thereof as the allowance was requested by defendant in error "to be used for the exclusive benefit

of said children." In *Zackheim v. Zackheim,* 75 Colo. 161, 225 Pac. 268, the plaintiff had filed in the county court her petition for widow's allowance and we held, page 163: "Plaintiff could not voluntarily testify. Her lips were closed by our statute which provides that no party to an action may testify of his own motion where an adverse party sues or defends as administrator." See, also, *Stratton v. Rice,* 66 Colo. 407, 181 Pac. 529. The testimony being inadmissible in its entirety, it is unnecessary to pass upon objections to certain specific interrogatories.

The claim of defendant in error is supported only by the statements contained in the deposition of Berenice Clark. This evidence is insufficient to prove that the minors resided in Colorado and is overcome by the opposing evidence. Counsel for defendant in error argue that the domicile of the minors remained in Colorado because of the statements by Mrs. Clark and the children that at the time the family left Colorado they intended to return, and that because of the return of Lyons, the domicile of the minors remained in Colorado.

■ We are of the opinion that the minors did not reside in Colorado at the time of the death of their father, and that the residence and the domicile of the minors is in Florida and not in Colorado. A child abandoned by one parent has the domicile of the other parent. Restatement of the Law — Conflict of Laws, chapter 2, Domicile, section 33. The rule of the common law which gave to the father, by reason of the paternal relationship and under all circumstances except in very extreme cases, a right to the custody and services of his child superior to that of the mother and all others, in modern times has been greatly modified and relaxed both in England and America. *Breene v. Breene,* 51 Colo. 342, 346, 117 Pac. 1000. Colorado has by statute, '35 C.S.A., chapter 76, section 3, constituted and declared every married woman to be the joint guardian of her children with her husband, with equal powers, rights

and duties in regard to them with the husband. "The minor child's domicile, in the case of divorce or judicial separation of its parents, is that of the parent to whose custody it has been legally given; if there has been no legal fixing of custody, its domicile is that of the parent with whom it lives, but if it lives with neither, it retains the father's domicile." Restatement of the Law—Conflict of Laws, chapter 2, Domicile, section 32. This statement is supported by *De Quintana v. Madril,* 71 Colo. 123, 204 Pac. 483. In the case of *People ex rel. v. Torrence,* 94 Colo. 47, 27 P. (2d) 1038, the parents of children had been divorced and the mother at the time she came to Colorado had the legal custody of the children. We held: "When she domiciled in Colorado, it became the domicile of the children." See, *White v. Bickford,* 146 Tenn. 608, 244 S.W. 49, 26 A.L.R. 129, 131, a leading case.

■ "The distinction between mere residence and domicile must be borne in mind. The former is used in law to denote that a person dwells in a given place; the latter is the legal home of a person, or that place where the law presumes that he has the intention of permanently residing although he may be absent from it." Rapaljae & Lawrence's Dictionary.

■ "When one has acquired a domicile, he must abandon it before he can gain another. To effect such a change, there must be both act and intention; in other words, there must be a severance from the old place with the intention of uniting with the new one, and these must concur. *Kellogg v. Hickman,* 12 Colo. 256." *Jain v. Bossen,* 27 Colo. 423, 425, 62 Pac. 194. See, also, *Merrill v. Shearston,* 73 Colo. 230, 214 Pac. 540; *Kay v. Strobeck,* 81 Colo. 144, 149, 254 Pac. 150. "Residence in fact, coupled with the purpose to make the place of residence one's home, are the essential elements of domicile. * * * While one's statements may supply evidence of the intention requisite to establish domicile at a given place of residence, they cannot supply the fact of resi-

dence there; * * * and they are of slight weight when they conflict with the fact." *State of Texas v. State of Florida,* 306 U.S. 398, 59 Sup. Ct. 563, 83 L. Ed. 817, 121 A.L.R. 1179, 1194.

 The statement of intention by the mother and the inadmissible statements of the minors that they would, as soon as financial conditions made it possible for them to do so, return or be returned to Colorado, are insufficient to establish Colorado as either their residence or domicile. They resided in Florida fourteen years following only two years residence in Colorado. "Where * * * the declarations of a party as to his intent are inconsistent with his acts, his conduct is of greater evidential value than his declarations. * * * Merely speaking of the domicile of origin as 'home' may prove nothing, without any act showing an intention to return to it." 17 Am. Jur. Domicile, section ·92. "The inference of intention from actual residence grows stronger the longer the residence is continued; and where residence lasts for many years the inference of intention to make the place a home is almost controlling." 1 Beale Confl. of Laws 255. Intention alone is insufficient to change one's residence or domicile. A naked declaration of intention, even though it be by a district judge, would not of itself be conclusive. *People v. Owers,* 29 Colo. 535, 69 Pac. 515.

 We conclude that the decedent did not leave the minor children *residing* in Colorado; that both their residence and domicile were in Florida, and that the claim of the defendant in error should be disallowed. Judgment of the district court is reversed and the case remanded with instruction to the district court to enter the proper orders directing the county court to disallow the claim of Lila E. Egan as guardian of the estate of the minors.

Mr. Justice Hilliard not participating.