No. 17,731.

O. E. PHIPPS, ETC. *v.* H. R. HURD, ETC.
(297 P. [2d] 1048)

Decided June 4, 1956.

Messrs. BOYLE & WITTY, for plaintiff in error.

Mr. DONALD F. MEYERS, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

WE will refer to the parties by name, or as they appeared in the trial court, where Winfield Urich was plaintiff, and H. R. Hurd, individually, and H. R. Hurd, Associates, an unincorporated association, were defendants in an action commenced October 11, 1954. Urich sought cancellation of a certain "Mining Rights Lease" dated October 17, 1953, in which Urich and O. E. Phipps, (later an intervenor in the action) together with several other persons were lessors, and "H. R. Hurd & Associates, an unincorporated association of Douglas, Wyoming, operating under A.E.C. Special Permit No. P-1390" were lessees.

Urich alleged that he was the owner of an undivided two-thirds interest in and to certain unpatented mining claims embraced in the lease and alleged that "at the time of the execution of said lease, defendants represented to plaintiff that the minerals located in and upon said mining claims were strategic minerals which had to be extracted immediately"; that if plaintiff did not extract such minerals, the United States Government would take such minerals away from plaintiff without compensation therefor; that defendants had an exclusive license from the Atomic Energy Commission to extract such minerals; that plaintiff could not obtain a bonus

from the Atomic Energy Commission unless he leased his claims to defendants, who represented that they had an exclusive permit for the San Luis Valley through permit No. P-1390 referred to in said lease. It was then alleged that all of said statements were knowingly false when made; that plaintiff relied upon such statements and without them he would not have entered into the lease. In successive claims plaintiff sought to recover royalty payments alleged to be due him on account of minerals removed by defendants and for damages allegedly sustained because of improper mining operations conducted by defendants on said claims and on account of failure of defendants to perform the annual assessment work on said claims.

To this complaint defendants filed an answer and counterclaim in which they denied all allegations except that strategic minerals were located on the properties. By way of counterclaim defendants sought $5,000 damages alleging that the plaintiff's action was instituted maliciously, vexatiously, in bad faith, and without cause, "with the intent and purpose to injure the Defendants and each of them." He further alleged that plaintiff attempted to prevent or hinder or delay the development, mining and shipment of minerals from said claims Urich denied the allegations of the counterclaim.

On March 12, 1955, O. E. Phipps, individually and as attorney in fact for other intervenors, herein named as Plaintiff in error, filed a motion to intervene in said action and tendered a complaint which in its material portions was identical with the Urich complaint except it alleged that Urich claimed to be the owner of an undivided one-third interest in the claims set out in the Urich complaint and the sole owner of other mining claims embraced in said lease; that the intervenors for whom Phipps was attorney in fact were the owners of certain other mining claims included in said lease. The relief prayed for by intervenors was identical to that claimed by Urich. An appropriate order was entered

allowing the complaint in intervention to be filed. H. R. Hurd, individually, and H. R. Hurd, Associates, filed an answer and counterclaim to the intervenors' complaint which was identical to that filed to the Urich complaint. It was later made to appear to the court that Wycol Minerals, a Missouri corporation, was the assignee of H. R. Hurd and Associates and prayed that it be substituted for Hurd and Hurd and Associates as defendants in the action. This motion was denied. On May 23, 1955, Urich's complaint and the counterclaim of H. R. Hurd and H. R. Hurd Associates, were by stipulation dismissed.

Trial of the issues on the intervenors' complaint was to the court. The counterclaim of the defendants H. R. Hurd and H. R. Hurd Associates against intervenors was dismissed at the conclusion of the case for lack of proof of damage, both intervenors and defendants consenting thereto. The trial court entered findings of fact and conclusions of law in which the trial judge found that the statements made by H. R. Hurd "did not materially influence the lessors," to enter into the lease; that after the lease was entered into the original lessors entered into a sub-lease of the properties with the lessees; that said statements attributed to lessee as having been made to Phipps, were for the most part statements of law or matters of estimate or judgment which "are not the basis for the cancellation of instruments; that the intervenor has failed to prove the allegations of his complaint by a preponderance of the evidence." Whereupon judgment was entered dismissing the intervenors' complaint, who bring the cause here on writ of error.

The summary of argument submitted by counsel for plaintiff in error constitutes nothing more than a statement that the judgment of the trial court is contrary to the law and contrary to the evidence. We have repeatedly held that this is not sufficient. Nevertheless we have painstakingly read the entire record; examined the exhibits, and find there is competent evidence to support the findings of the trial judge.

■ Counsel for plaintiff in error frankly state in their brief: "Undoubtedly, any one of the statements made [by Hurd] could be paraphrased or limited to a single sentence and an attempt could be made to fit it into a category of a matter of opinion, an estimate of judgment, or a promise to do something in the future, or a statement as to law." They then argue: "When these statements are all considered together, there can be no question of the materiality and that they were representations of existing facts." We think not.

■ All the facts were before the trial court whose province was to evaluate the testimony, observe the demeanor of the several witnesses and in the light of the issues as framed render its decision. This, the trial court did, and under the 'oft repeated holding we cannot substitute therefor our opinion regarding the matters in issue, or set aside the solemn conclusions of the trial court when based on competent evidence consistent with sound legal principles. We have carefully considered the entire record and observe no prejudicial error.

The judgment is affirmed.