No. 18,272.

Lawrence C. Farrell *v.* W. H. Bashor, et al.

(344 P. [2d] 692)

Decided October 5, 1959.

Mr. A. Sterling Gilbert, Mr. Richard E. Bishop, Mr. George G. Priest, for plaintiff in error.

Mr. Joseph L. Morrato, Mr. Omer Griffin, Mr. Ora H. George, for defendants in error.

*En Banc.*

Mr. Chief Justice Knauss delivered the opinion of the Court.

This case is captioned as it was in the trial court where plaintiff in error was plaintiff and defendants in error were defendants, in an action to recover damages under C.R.S. '53, 147-5-4 and 147-5-13. The complaint alleged that plaintiff was damaged as a result of water overflowing an earthen embankment of a reservoir situate on lands owned by one or more of the defendants. Following certain motions filed by defendants, all of which were overruled, answers and thereafter motions

for summary judgment were filed by defendants. The motions for judgment were granted and the action dismissed. Plaintiff was allowed twenty days in which to file a motion for new trial. Within that time plaintiff filed a motion which merely recited that the trial court erred in granting the several motions for summary judgment and that the "granting of summary judgments herein constitutes prejudicial error and seriously affects the substantial rights of plaintiff." This motion was overruled and plaintiff brings the case here on writ of error.

The case was docketed in this court on April 5, 1957, and on that day summons to hear errors was issued. The same has never been served on defendants, who appear in this court specially for the purpose of urging a motion to dismiss the writ of error, which motion is based upon the ground that plaintiff has wholly failed to comply with the applicable rules of this Court relating to review by writ of error.

As specifications of points for reversal plaintiff asserts that the judgment of the district court "is against the law and procedure"; that plaintiff was entitled to a trial on the merits and that the trial court "should not have granted summary judgment."

Nowhere in the brief of plaintiff are folio references found nor is service of the designation of record shown.

Rule 115 (c), R.C.P. Colo., provides for a summary of argument and what it shall contain. Rule 115 (c) 4 requires: "A concise summary of the argument setting forth clearly and succinctly the grounds relied upon by the party presenting the brief as required by Rule 111 (f)."

In the instant case the points enumerated by plaintiff are mere generalizations, vague and indefinite. We have repeatedly held that a general specification of points is insufficient and will not be considered upon review. *Platte Valley Elevators Co. v. Gebauer,* 127 Colo. 356, 256 P. (2d) 903; *Mauldin v. Lowery,* 127 Colo. 234, 255

P. (2d) 976; *Phipps v. Hurd,* 133 Colo. 547, 297 P. (2d) 1048.

Rule 112 (a), R.C.P. Colo., requires that a copy of the designation of record be served upon the successful party in the trial court, or. his counsel. This rule was not complied with by counsel for plaintiff. In *McBee v. United States,* 126 F. 2nd 238, an appeal was dismissed for the reason that no such service of the designation of record was made.

Because of these deficiencies in the record and briefs, and failure to comply with the rules governing review by writ of error, counsel for defendants appearing specially have moved this court to strike the record and dismiss the writ of error.

Our rules set forth procedures to be followed in this Court in order for a plaintiff in error to have his case considered. It is manifest from the record before us, that in many substantial particulars the rules have been ignored or disregarded, hence the writ of error must be dismissed. It is so ordered.