No. 18,661.

HARRY STEWART *v.* HOMER ACEL STOUT.

(351 P. [2d] 847)

Decided May 9, 1960.

Mrs. FAITH MOORE OLSEN, for plaintiff in error.

Messrs. YEGGE, BATES, HALL & SHULENBURG, for defendant in error.

*In Department.*

PER CURIAM.

THE parties are here in the same order they appeared in the trial court and we will so refer to them.

Plaintiff sought to recover property damages claimed as the result of an automobile collision between a truck driven by the defendant and a passenger automobile driven by the plaintiff. The accident occurred on a public highway, approximately 20 miles south of Laramie, Wyoming, on May 1, 1953. Since both parties are residents of this state the action was brought in our courts. Both plaintiff and defendant were driving in a southerly direction in an area of mountainous terrain on a curving road. The point where the accident occurred was not visible until rounding a curve near the top of a hill, at which point the road was icy and slippery. As plaintiff approached the point where the accident occurred he saw other cars ahead of him were having trouble, and attempted to pull off the road to a graveled portion of the highway. Defendant's truck came from behind and struck plaintiff's car, while also attempting to turn to the side of the road. The roads were dry between Laramie

and the scene of the accident and both vehicles were traveling within the established speed limits.

Trial was to the court and at the close of all the evidence judgment was entered for defendant on the theory that being confronted with a sudden emergency the defendant acted as a person of ordinary prudence would act in the circumstances, and that defendant was not, therefore, guilty of negligence.

■ In *Denver-Los Angeles Trucking Co. v. Ward,* 114 Colo. 348, 164 P. (2d) 730, the court said:

"A person who, through no fault of his own, is placed in a sudden emergency, is not chargeable with negligence if he exercises in the emergency the care of a reasonably prudent individual under like circumstances."

Whether the course chosen by defendant under the same circumstances was reasonable is a question of fact to be determined by the trier of facts, as is the question of whether there was a sudden emergency.

From the evidence it is apparent that both parties came upon a patch of ice on a curve on a mountainous road when there had been no ice on the road before they reached that spot. The defendant testified that he had driven over the same road earlier in the morning, at which time it was dry. Both parties testified that visability was obstructed by the hill and the curvature of the road just prior to the point of collision, and that both attempted to get to the side of the road to avoid other cars ahead; that the plaintiff's car was at a slight angle on the road and that defendant's vehicle, which was still in motion, had spun around and struck the right rear door of plaintiff's car. This evidence was, we think, ample to support the findings of the trial court.

■ Objection was made to the receipt in evidence of a diagram which was a part of the investigator's traffic accident report of the State of Wyoming. On cross-examination the plaintiff admitted that the diagram was, in fact, a correct representation of the position of the cars. We detect no error in this ruling, its purpose

being to modify or correct the testimony of the plaintiff who had made a freehand drawing on a blackboard at variance with that of the investigator. For such purpose the exhibit was properly received.

Plaintiff also contends that the evidence was insufficient to justify a finding in favor of the defendant. We have uniformly held that where the evidence is conflicting, the credibility of witnesses and the weight to be accorded their testimony are matters peculiarly within the province of the trial court, and its findings and conclusions in such circumstances will not ordinarily be disturbed on review. *Dodge v. East,* 100 Colo. 36, 64 P. (2d) 1270; *Phipps v. Hurd,* 133 Colo. 547, 297 P. (2d) 1048.

The judgment is affirmed.

MR. CHIEF JUSTICE SUTTON, MR. JUSTICE MOORE and MR. JUSTICE FRANTZ concur.