No. 19,957.

ANDREW RUSKIN, ETC., *v.* D. M. BUEHLER.

(379 P. [2d] 809)

Decided March 18, 1963.

Mr. ERNEST O. TULLIS, Mr. CLINTON M. COLE, for plaintiff in error.

Mr. JAMES P. MOYERS, Mr. NORMAN E. WALTON, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

WE will refer to the parties by name.
This controversy involves a falling out between joint

adventurers. The action was brought by Buehler against Ruskin for an accounting of the proceeds and the sale of a bowling alley in Martinsville, Indiana, and a judgment for one-half of the proceeds and accrued profits. The agreement was in writing.

As is usually the situation in litigation of this type, the testimony of the parties was in sharp conflict, and in contradicting each other they consumed two volumes and almost 1000 folios. At the conclusion of all of the evidence, the court entered its findings of fact and conclusions of law and gave judgment to Buehler. Pertinent findings and the conclusion of the court were:

"That in furtherance of the agreement to sell the operation plaintiff and defendant entered into agreement (Plaintiff's Exhibit A), which provided for the sale of the operation, and that defendant would hold the proceeds of the sale for future investment by both parties in other operations, that the money so held by defendant was to belong one-half to plaintiff and one-half to defendant. * * *

"That on or about August 21, 1957, defendant did sell the business in Martinsville, Indiana, to third parties for the net sum of $14,400, and that defendant took possession and control of this sum along with the balance of the company's then bank account amounting to $2,021.60.

"That on September 12, 1957, the defendant sent to Plaintiff $500 of this money at which time defendant apparently drew out $500 also for his own use. (Plaintiff's Exhibit B).

"That defendant made no accounting to plaintiff of the balance of the proceeds from the operation and sale of the Martinsville operation and still holds the proceeds thereof.

## CONCLUSIONS OF LAW

"That defendant is accountable to plaintiff for one-half of the proceeds of the operation and sale of the Martinsville Bowling Alley. The total amount is

$16,421.60, and one-half or $8,210.80 is monies belonging to plaintiff. That from this amount is to be deducted the sum of $500 sent to plaintiff in September 1957, and of the $1000 subsequently sent by defendant for investment in the Flint Center Lanes plaintiff is to be charged with $500 thereof. The balance now due from defendant to plaintiff is $7,210.80 on this claim.

\* \* \*

"That plaintiff under this complaint is entitled to a judgment against the defendant in the amount of $7,210.80; that defendant under his second cause of action is entitled to a judgment against the plaintiff in the amount of $500 which shall be allowed as an offset on the amount owed by defendant to plaintiff.

"THEREFORE IT IS ORDERED, ADJUDGED AND DECREED THAT defendant pay to the plaintiff the sum of $6,710.80 together with interest at the rate of 6% from the date of this judgment plus plaintiff's court costs."

▪ No good purpose would be served by an attempt to summarize the voluminous testimony comprising this record, the rule of law controlling being expressed in those cases in which " * * * We have uniformly held that where the evidence is conflicting, the credibility of witnesses and the weight to be accorded their testimony are matters peculiarly within the province of the trial court, and its findings and conclusions in such circumstances will not ordinarily be disturbed on review. *Dodge vs. East,* 100 Colo. 36, 64 P. 2d 1270; *Phipps v. Hurd,* 133 Colo. 547, 297 P. 2d 1048." *Stewart v. Stout,* 143 Colo. 70, 351 P. (2d) 847.

" * * * The credibility of the witnesses is to be determined by the trial court, and when the court found in favor of plaintiff it necessarily resolved the weight of the testimony in his favor and against the defendant." *Schleiger v. Schleiger,* 137 Colo. 279, 324 P. (2d) 370.

▪ The trial court correctly held that the written

instrument between Ruskin and Buehler for the sale of this particular property — the bowling alley — defined the rights of the litigants and that all oral understanding between the parties merged in this instrument. We find the rule stated in 2 Jones, The Law of Evidence, §466, p. 887:

"Where there is no imperfection or ambiguity in the language thereof, a contract will be deemed to express the entire and exact meaning of the parties; every material part of the agreement will be presumed to have been expressed therein. All conversations and parol agreements between the parties prior to or contemporaneous with the written agreement are considered to have been merged therein so that they cannot be given in evidence for the purpose of changing the contract or showing an intention or understanding different from that which is expressed in the written agreement."

The judgment is affirmed.

MR. JUSTICE MOORE not participating.