No. 21434.

MARGARET BUTZ, CONSERVATRIX OF THE ESTATE OF CLARA E. KAUER, WARD, AND CLARA E. KAUER *v.* ROLAND G. WILSON AND MARJORIE M. WILSON.
(424 P.2d 764)

Decided March 13, 1967.

THOMAS B. MASTERSON, for plaintiffs in error.

HARRY W. BOWLES, for defendants in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE MOORE.

█ MARGARET BUTZ, conservatrix of the estate of Clara E. Kauer, a mental incompetent, filed this action against Roland G. Wilson and Marjorie M. Wilson. Her complaint in its final form contained three separately stated claims which were based upon two contracts for the purchase of land. One contract was dated September 9, 1960, and related to the purchase of approximately 83/100ths of an acre of land by the Wilsons which Clara E. Kauer agreed to sell to them. The other contract was dated July 1, 1951, and involved approximately 44 acres of land which was sold by Clara E. Kauer to the Wilsons for an adequate consideration paid to the vendor. A reservation from the full tract thus sold was contained in the deed which provided that:

"Reserving, however, in first party a tract of ground around the house as now staked out on the ground consisting of about 4 acres which is to be surveyed at the expense of the first party and the legal description inserted in the deed as a reservation when prepared."

The ground thus identified as reserved was surveyed and it actually amounted to only approximately 83/100ths of an acre and the legal description as thus surveyed was included in the deed. The second claim of plaintiffs sought damages for failure of the purchaser to deed back to the plaintiffs the approximate 3 acres, none of which however was within the lines staked out at the time the contract of July 1, 1951, was signed.

The defendants in their answer denied liability on all claims and the action was tried to the court without a jury. At the conclusion of the evidence offered by the plaintiffs the attorney representing her asked the court to amend the complaint in some particulars which were

not clear to the court, and thereupon the following took place:

"THE COURT: Well, I don't understand your motion. You want to amend the complaint but in what respect do you want to amend the complaint?

"MR. MASTERSON: To actually delete from the complaint what is specified in the complaint as to the third cause of action.

"THE COURT: Oh, you are dismissing then the third cause of action?

"MR. MASTERSON: That is correct, and therefore under the Rules elect to stand on the contract.

"THE COURT: There is no objection to that, of course, I am sure, and the third cause of action will be dismissed. You are proceeding then on breach of contract?

"MR. MASTERSON: That is correct.

"THE COURT: Or rescission?

"MR. MASTERSON: We are proceeding on the breach of the contract which was submitted to the Court.

"MR. BOWLES: If it please the Court, do I fully understand this? That rescission nor damages for fraud and deceit will be considered?

"THE COURT: That's right. The only matters left for the Court to determine are whether or not the contract was breached by the defendants.

"MR. BOWLES: I have no objections to the amendments if that is the case, and at this time I should like to make a motion to dismiss because the plaintiffs have not carried the burden of proof."

After argument of counsel on the motion made by the defendants, the trial court sustained the motion to dismiss and judgment was thereafter entered in favor of the defendants. The trial court found that there was no evidence that the defendants had breached either of the written agreements entered into by the parties or any amendment thereof as alleged by the plaintiffs. This finding is amply supported by the evidence.

█ We might well have dismissed this writ of error

due to the complete failure on the part of counsel for plaintiffs in error to even remotely comply with the Rules of Civil Procedure concerning the minimum requirements of a brief. We direct attention to *Farrell v. Bashor*, 140 Colo. 408, 344 P.2d 692, from which we quote the following:

"Our rules set forth procedures to be followed in the Court in order for a plaintiff in error to have his case considered. It is manifest from the record before us, that in many substantial particulars the rules have been ignored or disregarded, hence the writ of error must be dismissed."

The "brief" of plaintiffs in error contains not one reference to a folio number of the record. It fails utterly to give this court any understanding of the nature of the controversy. It contains no citation of authority of any kind. However, out of an abundance of caution the 480 folios of the full record have been examined, oral argument has been heard, and we find nothing in either which would justify a reversal of the judgment.

The judgment is affirmed.

MR. JUSTICE DAY, MR. JUSTICE MCWILLIAMS and MR. JUSTICE HODGES concur.