## No. 25057

In the Matter of the Estate of John Joseph Etchart, a/k/a John J. Etchart and John Etchart, Lois Lucille Cable v. Mary Margaret Nelson and R. J. Nelson

(500 P.2d 363)

Decided July 10, 1972. Rehearing denied September 11, 1972.

Albert T. Frantz, James B. Radetsky, Tom W. Neal, Herbert M. Boyle, for caveatrix-appellant.

Fred E. Sisk, Holme, Roberts & Owen, Richard L. Schrepferman, for proponents-appellees.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The appellant, Lois Lucille Cable, filed a caveat in 1970 seeking to establish her right to inherit from the deceased, John Joseph Etchart, in contravention of his Last Will and Testament. She claims to be decedent's illegitimate daughter and as such his only child and sole heir. Pursuant to 1965 Perm. Supp., C.R.S. 1963, 153-5-34, the issue of heirship was severed and tried apart from the issues relating to the validity of the will. *See* 1965 Perm. Supp., C.R.S. 1963, 153-5-33. Thus the only issue before us is whether the appellant has

standing to file a caveat and contest the will. The trial court found that the appellant failed to establish heirship and as a result held that the appellant did not have standing to further contest the will. We affirm.

The trial judge refused to grant the appellant a jury trial and after hearing all the evidence concluded that appellant had not established paternity by clear and convincing evidence. The procedure which was followed raises two threshold questions. *First,* was appellant entitled to have a jury trial on the paternity issue? *Second,* must paternity be proven by clear and convincing evidence or merely by a preponderance of the evidence?

## I.

■■■ This Court has uniformly held, and we do not retreat from our determination, that there is no constitutional right to a jury trial in a probate proceeding. Colo. Const. art. II, § 23. *Beardshear v. Beardshear,* 163 Colo. 333, 432 P.2d 235 (1967); *Zackheim v. Zackheim,* 75 Colo. 161, 225 P. 268 (1924); *Miller v. O'Brien,* 75 Colo. 117, 223 P. 1088 (1924).

■■ Since the appellant's right to a jury trial does not arise out of the constitution, it must be a creature of statute or rule. Admittedly, probate is a special statutory procedure, and C.R.C.P. 38 is not applicable. Therefore, we must look to the statute to determine whether a jury trial is required after demand has been made by one of the parties. *Beardshear v. Beardshear, supra.* C.R.S. 1963, 153-3-2(2) provides that "... the *court* shall proceed to receive and hear proofs concerning the heirs of such deceased ...." Therefore, in denying appellant a jury trial on the heirship question, the trial judge followed the procedure which was outlined by the legislature. Accordingly, appellant's argument on this issue must fail.

## II.

■■ The law in Colorado as to the quantum of proof necessary to prove heirship was well settled at the time of the trial in 1970. To prove heirship, the evidence must have been clear and convincing and must have consisted of more than mere conjecture. *State v. Grooms,* 110 Colo. 264, 133 P.2d

379 (1943); *Seddon v. State,* 110 Colo. 528, 136 P.2d 285 (1943). Appellant has cited no authority to the contrary, and the trial judge's ruling was consistent with the decisions which we have cited.[1]

### III.

■ Appellant also argues that even if the clear and convincing evidence test is to be used, the evidence she presented on the paternity question was sufficient to meet that test and to cause her to qualify as an heir under either C.R.S. 1963, 153-2-8 or C.R.S. 1953, 152-2-8. Needless to say, we are not prepared to substitute our judgment for that of the trial court. We have uniformly held that where the evidence is conflicting, as it was in this case, we will not disturb the findings and conclusions of the trial court on appeal. *Stewart v. Stout,* 143 Colo. 70, 351 P.2d 847 (1960). Therefore, the trial court's finding that paternity was not established by clear and convincing evidence cannot be overturned by us.

■ Since appellant has not proved heirship, she has no standing to file the caveat contesting the decedent's will, and our disposition makes consideration of the remaining issues unnecessary.

Accordingly, we affirm the district court.

### ON PETITION FOR REHEARING

In the Petition for Rehearing, the appellant has cited *McCoy v. People,* 165 Colo. 407, 439 P.2d 347 (1968), as determinative of the issue relating to the quantum of proof necessary in this case. *McCoy v. People, supra,* was a paternity case and is, therefore, distinguishable. The instant proceeding involved a question of heirship in which the lips of the alleged father were sealed.

Petition for Rehearing is DENIED.

---

1. *But see,* 1971 Perm. Supp., C.R.S. 1963, 52-1-28, which provides that "a plaintiff in any civil action shall be required to prove his case by a preponderance of the evidence." This statute was not applicable and is not in issue, since the statute is specifically limited to actions accruing after July 1, 1971. *See also,* Colo. Sess. Laws 1972, ch. 52, art. 1, § 28, wherein it is provided that "the burden of proof in any civil action shall be by a prepondernance of the evidence."