25CA0538 Marriage of Sanchez 03-19-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0538
City and County of Denver District Court No. 24DR30037
Honorable Adam J. Espinosa, Judge

In re the Marriage of

Maria Victoria Rosales Sanchez,

Appellee,

and

Jaime Gerardo De Santiago Santacruz,

Appellant.

JUDGMENT AFFIRMED

Division VII
Opinion by JUDGE PAWAR
Johnson and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 19, 2026

Maria Victoria Rosales Sanchez, Pro Se

Monclova Law PC, Eric L. Martinson, Denver, Colorado, for Appellant

¶ 1 In this dissolution of marriage proceeding involving Jaime Gerardo De Santiago Santacruz (husband) and Maria Victoria Rosales Sanchez (wife), husband appeals the property division portion of the permanent orders relating to his claim of separate property. We affirm.

## I. Background

¶ 2 In 2025, the district court entered permanent orders resolving issues concerning the dissolution of the parties' marriage. The court found that the parties married in 2022 and, about eleven months later, bought a home, with each contributing to an approximately $200,000 downpayment. The court determined that all the equity in the home was marital property subject to division. It awarded the home to husband and equally divided the equity. In doing so, the court rejected husband's request to set aside his portion of the downpayment as his separate property but gave him an additional $30,500 to "credit" him for what he had paid wife for her share of the downpayment.

¶ 3 On appeal, husband contends that the district court (1) should have classified his portion of the downpayment as his separate property and (2) failed to follow section 14-10-113, C.R.S. 2025.

## II. Governing Law and Standard of Review

¶ 4     When dividing a marital estate, a district court must first determine whether each asset is marital property, which is subject to division, or separate property, which is not. § 14-10-113(1). All property acquired by either spouse during the marriage is presumptively marital. § 14-10-113(3). But this presumption may be overcome by evidence establishing that the property in question was, as relevant here, "acquired in exchange for property acquired prior to the marriage." § 14-10-113(2)(b). A spouse seeking to set aside property acquired during the marriage as separate bears the burden of overcoming the presumption. *In re Marriage of Medeiros*, 2023 COA 42M, ¶ 52; *see also In re Marriage of Seewald*, 22 P.3d 580, 586 (Colo. App. 2001) ("A spouse claiming ownership under [the] exchange provision must prove a series of exchanges back to an original separate asset.").

¶ 5     The classification of property as marital or separate is a legal determination that may depend on the resolution of factual disputes. *In re Marriage of Smith*, 2024 COA 95, ¶ 42. We defer to the district court's factual findings unless they are clearly erroneous but review its legal determinations de novo. *Id.*

2

## III.   Discussion

¶ 6    It was undisputed that the home was acquired during the marriage.  Thus, it was presumed to be marital property, regardless of how title was held, *see* § 14-10-113(3), and husband had the burden to overcome that presumption.  The court rejected husband's claim of separate property because it found that husband did not present enough evidence to carry his burden.  We agree.

¶ 7    Husband testified that he received $102,357 as part of a divorce settlement from a prior marriage approximately two years before the parties purchased the current marital home.  He said he used those funds, along with additional "money [he] had before the marriage," toward the downpayment.  The remainder of the downpayment, approximately $30,000, came from wife.  Husband said he reimbursed wife for her share of the downpayment.

¶ 8    As the court correctly noted, husband provided no evidence showing, among other things, where the monies from his prior divorce were held or whether they were kept separate from marital funds during the intervening two years from the time he received them until the purchase of the home.  *See Medeiros*, ¶ 52; *see also*

3

*In re Marriage of Corak*, 2014 COA 147, ¶ 11 (separate property that is commingled with marital property so that it cannot be traced to its original form does not retain its separate character). With respect to the remainder of his downpayment, roughly $67,000, husband offered no documentation of the funds' origin and how the funds were maintained during the marriage. That is, he did not provide any evidence tracing the funds to property he acquired before the marriage, nor did he prove that the funds, even if separate at some point in time, were maintained as separate and not commingled with marital income or assets. *See Corak*, ¶ 11. Instead, husband relied solely on his general and conclusory testimony that he contributed premarital money. *See In re Marriage of Thorburn*, 2022 COA 80, ¶ 50 (stating that the district court can believe all, part, or none of a witness's testimony, even if uncontroverted); *Medeiros*, ¶ 54.

¶ 9 On this scant record, we conclude the district court properly determined that husband did not meet his burden of proving separate property. He did not present any evidence tracing the

funds to his separate property and establishing that he maintained those funds as separate.[1]

¶ 10 Husband also asserts that the district court did not provide the "legal analysis" he was "entitled" to, including considering the factors in section 14-10-113(1) when determining an equitable property division. But other than citing the statute, husband does not support his contention with substantial argument or meaningful analysis. Because it is undeveloped, we decline to address it. *See In re Marriage of Zander*, 2019 COA 149, ¶ 27, *aff'd*, 2021 CO 12; *see also Vallagio at Inverness Residential Condo. Ass'n v. Metro. Homes, Inc.*, 2017 CO 69, ¶ 40 (mere generalization of points is insufficient and will not be considered upon review (citing *Farrell v. Bashor*, 344 P.2d 692, 693 (Colo. 1959))). In any event, to the extent we could construe husband's second claim as further challenging the court's rejection of his separate property claim, given our conclusion above, we reject husband's related argument under section 14-10-113.

---

[1] Because we affirm on this basis, we need not consider the court's alternate basis for its ruling. *See Cent. Bank of Denv., N.A. v. Deloitte & Touche*, 928 P.2d 754, 758 (Colo. App. 1996).

## IV. Disposition

The judgment is affirmed.

JUDGE JOHNSON and JUDGE GOMEZ concur.